THOMAS, Judge.
 

 D.P. (“the father”) appeals from a juvenile court’s permanency-plan order relieving the Limestone County Department of Human Resources (“DHR”) of the obligation to make reasonable efforts to reunite the father with R.A.C., his dependent son (“the child”).
 

 In April 2008, DHR filed a petition alleging that the child was dependent by virtue of the following circumstances: that the child’s mother, L.S., had ongoing substance-abuse problems and had neglected him; that the mother’s husband, R.S., was not the child’s biological father; and that D.P., the child’s alleged biological father, who had an extensive criminal record, had taken custody of the child. Following a hearing, the juvenile court determined that the child was dependent, awarded legal custody to DHR, and placed the child with maternal relatives. The court further ordered that paternity testing be conducted. That testing revealed that D.P. was indeed the biological father of the child, and the juvenile court formally adjudicated him to be the child’s father.
 

 
 *761
 
 In December 2008, DHR moved for a judicial determination that it was not obligated to make reasonable efforts to reunite the father and the child because, it alleged, the father had been charged in 1996 with capital murder and had been convicted in 1998 of manslaughter for causing the death of a former girlfriend’s 20-month-old child. DHR’s motion alleged that,
 

 “pursuant to § 12-15-65(m)(2), Code of Alabama 1975, reasonable efforts shall not be required where a court of competent jurisdiction has determined that a parent has committed murder or voluntary manslaughter of another child.”
 

 The juvenile court set DHR’s motion to be relieved of the obligation to make reasonable efforts to reunite the father and the child for a hearing on January 80, 2009. The record does not contain a transcript of that hearing, but the court issued an order following the hearing indicating that the court and counsel had discussed the fact that § 12-15-65(m)(2), Ala.Code 1975, does not, in fact, relieve DHR of the obligation to make reasonable efforts when a court of competent jurisdiction determines that a parent has “[cjommitted murder or voluntary manslaughter
 
 of another child.”
 
 (Emphasis added.) That statute applies when a parent has “[cjommitted murder or voluntary manslaughter
 
 of another child of such parent
 
 ” (emphasis added), whereas the Alabama Juvenile Justice Act of 2008 (“the current AJJA”), effective January 1, 2009, “expands the types of criminal offenses which, if committed by a parent of a child in foster care, excuses the state from making reasonable efforts....”
 
 See Alabama Juvenile Justice Act of 2008 Annotated Guide,
 
 p. 62 n.100 (Alabama Administrative Office of Courts, July 29, 2008). Section 12-15-312(c)(2), Ala.Code 1975, a part of the current AJJA, provides that DHR is excused from making reasonable efforts if a parent has, among other things, “[c]ommitted murder or manslaughter
 
 of another child
 
 .... ” Section 12-15-312(c)(2) contains no requirement that the victim of murder or manslaughter be
 
 the parent’s
 
 child.
 

 During the January 30, 2009, hearing, DHR apparently argued that § 12-15-312(c)(2), the current AJJA provision, governed the juvenile court’s decision on its motion, and the father argued that former § 12-15-65(m)(2) governed; the juvenile court’s post-hearing order recited the following:
 

 “The Court heard the position of all parties on the pending motions. The Court stated that it shall take the motion regarding reasonable efforts under advisement, and in doing so shall give all the attorneys the opportunity to submit a brief on the issues regarding the application of reasonable efforts under the former statute and the new [AJJAj.”
 

 DHR submitted a brief, arguing that § 12-15-312(c)(2) governed the case because it was the statute in effect at the time of the hearing on the motion. The record indicates that the father did not submit a brief.
 

 On March 11, 2009, the juvenile court entered an order that provided, in pertinent part:
 

 “A motion for a judicial finding that reasonable efforts are no longer required with the father of the minor child was filed by the Limestone County [DHR]. A hearing to render the decision on said Motion following submissions of memorandum of law was scheduled for this date. Also scheduled was a disposi-tional review hearing.
 

 [[Image here]]
 

 “The Court stated that when it considered the motion regarding reasonable efforts it considered whether § 12-15-65(m)(2), Code of Alabama (1975), or
 
 *762
 
 § 12-15-312(c)(2), Code of Alabama (1975), applied. The Court stated that based upon the memorandum of law submitted and the Court’s own research, it shall Order that the new statute shall apply, and that reasonable efforts toward reunification with the father are no longer required.
 

 “The [DHR] then announced the permanency plan to the Court, which is return to parent. Upon consideration of the same, it is, therefore, ORDERED, ADJUDGED, and DECREED by the Court that the Motion is hereby GRANTED and that reasonable efforts toward reunification of the minor child with his father ... are no longer required.
 

 “It is FURTHER ORDERED BY THE COURT that the permanency plan for [the child] is return to a parent.”
 

 On April 1, 2009, the clerk of this court requested that the parties submit letter briefs addressing whether the juvenile court’s March 11, 2009, order was a final judgment that would support an appeal. On April 10, 2009, the father moved this court to invest the juvenile court with temporary jurisdiction to issue an amended order; on April 13, 2009, this court reinvested the juvenile court with jurisdiction so that it could enter an amended order. On April 7, 2009, the juvenile court entered an amended order stating, in pertinent part, that “[t]his order represents a final order on the motion for judicial finding that reasonable efforts are no longer required as to [the father].”
 

 Finality
 

 Because “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even
 
 ex mero motu,’
 
 ”
 
 Wallace v. Tee Jays Mfg. Co.,
 
 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting
 
 Nunn v. Baker,
 
 518 So.2d 711, 712 (Ala.1987)), we first consider whether this court has jurisdiction to entertain the father’s appeal. An appeal ordinarily lies only from a final judgment.
 
 Bean v. Craig,
 
 557 So.2d 1249, 1253 (Ala.1990). Rule 28(A), Ala. R. Juv. P., provides, in pertinent part:
 

 “(1)
 
 Appeals from final orders, judgments, or decrees of the juvenile court
 
 shall be to the appropriate appellate court, subject to the Alabama Rules of Appellate Procedure, if:
 

 “(a) A record certified as adequate by the juvenile court judge[
 
 1
 
 ] or a stipulation of facts is available and the right to a jury trial has been exercised or waived by all parties entitled thereto; or,
 

 “(b) The parties stipulate that only questions of law are involved and the juvenile court certifies the questions.”
 

 “A final judgment is one ‘that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.’ ”
 
 Wright v. Wright,
 
 882 So.2d 361, 363 (Ala.Civ.App.2003) (quoting
 
 Bean v. Craig,
 
 557 So.2d at 1253).
 

 Although a juvenile court’s orders in a dependency case are, in one sense, never “final” because the court retains jurisdiction to modify its orders upon a showing of changed circumstances,
 
 see C.L. v. D.H.,
 
 916 So.2d 622 (Ala.Civ.App.2005); Committee Comments, Rule 4, Ala. R.App. P., this court has always treated formal dependency adjudications as final and appealable judgments despite the fact that they are scheduled for further review by the juvenile court.
 

 
 *763
 
 “Under our caselaw, a formal determination by a juvenile court of a child’s dependency coupled with an award of custody incident to that determination will give rise to an appealable final judgment even if the custody award is denominated as a ‘temporary’ award and further review of the case is envisioned.
 
 See Potter v. State Dep’t of Human Res.,
 
 511 So.2d 190, 192 (Ala.Civ.App.1986);
 
 see also C.L. v. D.H.,
 
 916 So.2d 622, 625-26 (Ala.Civ.App.2005).”
 

 J.J. v. J.H.W.,
 
 27 So.3d 519, 522 (Ala.Civ.App.2008).
 

 In
 
 H.H. v. Baldwin County Department of Human Resources,
 
 989 So.2d 1094, 1108 (Ala.Civ.App.2007)(opinion on return to remand) (authored by Moore, J., with two judges concurring in the result), this court explained that a permanency hearing is statutorily mandated as the means by which the juvenile court is to determine the “permanent disposition” of the child. In two other recent cases, Judge Moore issued special writings outlining a shift in procedure with respect to dependency/termination-of-parental-rights cases that, he perceived, had been accomplished by our legislature’s amendment of the Alabama Juvenile Justice Act of 1990 (“the former AJJA”), § 12-15-1 et seq., Ala.Code 1975, and the Child Protection Act (“CPA”), § 26-18-1 et seq., Ala.Code 1975, in order to comply with federal legislation known as the Adoption and Safe Families Act (“ASFA”), 42 U.S.C. § 671 and § 675; in separate special writings in those cases, Judge Bryan and Judge Thomas agreed with Judge Moore as to this issue.
 
 See T.V. v. B.S.,
 
 7 So.3d 346 (Ala.Civ.App.2008), and
 
 A.D.B.H. v. Houston County Dep’t of Human Res.,
 
 1 So.3d 53 (Ala.Civ.App.2008).
 

 “In a permanency hearing, the juvenile court is to ‘determine’ which of several custodial arrangements — return to the parent, referral for termination of parental rights and adoption, or placement with a relative or other legal custodian—‘shall be’ the permanency plan.
 
 Id.
 
 The purpose of requiring the 12-month permanency hearing is to comply with the policy behind the ASFA to ensure ‘that children are provided a permanent home as early as possible.’ Kurtis A. Kemper, Annotation,
 
 Construction and Application by State Courts of the Federal Adoption and Safe Families Act and Its Implementing State Statutes,
 
 10 A.L.R. 6th 173, 193 (2006).”
 

 A.D.B.H.,
 
 1 So.3d at 69 (Moore, J., concurring in part and concurring in the result) (footnotes omitted).
 

 The ASFA and the amendments to the former AJJA and the CPA placed new emphasis on the permanency hearing as a “vitally important” step in dependency/termination-of-parental-rights proceedings.
 
 See A.D.B.H.,
 
 1 So.3d at 68 (Thomas, J., concurring specially).
 
 T.V.
 
 and
 
 A.D.B.H.
 
 make it clear that issues such as DHR’s plan to reunify a family, the reasonableness of DHR’s efforts to rehabilitate a parent, and the possible placement of a child with a relative are meant to be aired and resolved at a permanency hearing. To the extent that a juvenile court’s permanency order resolves crucial issues, therefore, it is reasonable to expect that a parent has the right to judicial review of the juvenile court’s decision with respect to those issues.
 
 See T.V. v. B.S.,
 
 7 So.3d at 361 (Moore, J., concurring in the result) (stating that “[i]f the mother had had any complaint about the reasonableness of DHR’s efforts to reunite the family, the finding that her efforts to rehabilitate had been unsuccessful, the placement of the child with [a relative] without consideration of other relatives, or the terms of her visitation, the mother’s remedy was to ap
 
 *764
 
 peal the judgment entered after the permanency hearing”).
 

 Accordingly, we have treated a juvenile court’s permanency order as final and appealable when it results in depriving a parent of the care, custody, or visitation with his or her child.
 
 See R.J.L. v. Lee County Dep’t of Human Res.,
 
 976 So.2d 455, 456 (Ala.Civ.App.2007) (appeal of a permanency order transferring “physical custody of ... the mother’s two-year-old son[] from the child’s foster parents in Alabama to the mother’s cousins ... in Watertown, New York”), and
 
 D.B. v. Madison County Dep’t of Human Res.,
 
 937 So.2d 535, 536 (Ala.Civ.App.2006) (appeal of a permanency order awarding legal and physical custody of the child to the maternal aunt).
 

 In determining whether any juvenile-court order that is subject to revision is appealable, we consider that the focus should be on whether the order addresses crucial issues that, if not objected to by the aggrieved party, are thereafter precluded from appellate review. This court has long considered dependency determinations to be final and appealable, but there is nothing magic about dependency determinations as opposed to permanency orders. We hold that it is immaterial, for purposes of finality and appealability, that a juvenile court’s order emanates from the permanency-plan hearing rather than from the periodic review of a dependency determination. If the order addresses crucial issues that could result in depriving a parent of the fundamental right to the care and custody of his or her child, whether immediately or in the future, the order is an appealable order.
 

 Turning to the permanency order in the present case, we consider that it addresses crucial issues with respect to both parents. The court approved the permanency plan for the mother as “reunification with a parent”; thus, the mother had no reason to appeal. However, had the permanency plan been termination of parental rights or permanent relative placement, the mother’s remedy would have been “to appeal the judgment entered after the permanency hearing.”
 
 T.V. v. B.S.,
 
 7 So.3d at 361 (Moore, J., concurring in the result). The permanency order in the present case addressed a crucial issue with respect to the father because it removed his entitlement to rehabilitation or reunification services provided by DHR. We hold that the permanency order was final and appealable with respect to both parties; therefore, there was no need for the juvenile court to certify the judgment as final pursuant to Rule 54(b), Ala. R. Civ. P., before we could entertain the father’s appeal.
 

 Having determined that the father’s appeal is properly before us, we now consider the father’s argument that the juvenile court erred in deciding that § 12-15-312(c)(2) governed its ruling on DHR’s motion. Because the facts are not in dispute and we are presented with a pure question of law, our review is de novo.
 
 Ex parte Barnett,
 
 978 So.2d 729, 731 (Ala.2007).
 

 Applicability of § 12-15-312(c)(2)
 

 The father argues that the juvenile court violated constitutional provisions against ex post facto laws when it applied § 12-15-312(c)(2), a part of the current AJJA, to a case pending before January 1, 2009, the effective date of the current AJJA.
 
 See
 
 United States Constitution, Art. I, § 10; Alabama Constitution of 1901, Art. I, § 22.
 

 The record shows that the father made an argument to the juvenile court that § 12-15-312(c)(2) should not be applied to relieve DHR of the reasonable-efforts requirement. The record does not
 
 *765
 
 reveal, however, the basis of the father’s argument; consequently, there is nothing in the record to indicate that the father presented his ex post facto argument to the juvenile court. This court cannot consider arguments raised for the first time on appeal. Our review is restricted to the evidence and the arguments considered by the trial court; even constitutional issues may not be raised for the first time on appeal.
 
 Andrews v. Merritt Oil Co.,
 
 612 So.2d 409, 410 (Ala.1992).
 
 See also
 
 Rule 4(a)(3), Ala. R.App. P. (any error asserted in the trial court may be asserted on appeal). Moreover, the prohibitions in both the United States Constitution and the Alabama Constitution against ex post facto laws apply only to criminal cases.
 
 See Calder v. Bull,
 
 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798);
 
 Reed v. Brunson,
 
 527 So.2d 102, 114 n. 5 (Ala.1988).
 

 The father makes no contention on appeal, other than the ex post facto argument, that the juvenile court misapplied § 12—15—312(c)(2) to the facts of this case. Accordingly, we affirm the judgment of the Limestone Juvenile Court.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . On March 25, 2009, the juvenile court certified the record as adequate in accordance with rule 28(A)(1)(a).