BRYAN, Judge.
 

 L.S. (“the mother”) appeals from an order of the Shelby Juvenile Court, emanating from a permanency-planning hearing, finding that the mother is prohibited from residing with or having custody of her daughter, K.L.B.P. (“the child”), pursuant to § 15-20-26(c)(4), Ala.Code 1975. In light of this court’s recent decision in
 
 D.P. v. Limestone County Department of Human Resources,
 
 28 So.3d 759 (Ala.Civ.App.2009), we hold that the juvenile court’s permanency-planning order is an appeal-able order that will support the mother’s appeal.
 

 The Shelby County Department of Human Resources (“DHR”) first became involved with the mother and the child when it received a telephone call from S.S., a friend of the mother’s, on August 28, 2008. S.S.stated that the mother had left the child in her care and custody but that S.S. could no longer care for the child.
 

 DHR learned that the child, who was born in 1997, had been living with her maternal grandparents in Ohio since May 2007;
 
 [1]
 
 that, on August 15, 2008, the mother and S.S. drove to Ohio, took physical custody of the child, and brought the child to Alabama;
 
 [2]
 
 and that the mother left the child under the care and supervision of S.S.in Shelby County.
 

 The mother was convicted of a sex offense against a child under the age of 12 in the state of Illinois in 1987. The record indicates that the mother has never resided with the child due to her status as a sex offender. However, the mother does have legal custody of the child and the right to supervised visitation with the child.
 

 S.S.contacted DHR on August 28, 2008, and stated that she could no longer care for the child because of the mother’s mood swings.
 
 [3]
 
 The Shelby County Sheriffs Office responded to a pickup order for the child on August 28, 2008, and the child reported to a sheriffs deputy that she thought that S.S. had been using either drugs or alcohol; however, the child had not witnessed S.S. doing so. The child was taken into protective custody on August 28, 2008, and placed in foster care. DHR filed a petition with the juvenile court on August 29, 2008, alleging that the child was in need of care or supervision and that the child was dependent, destitute, and homeless.
 
 [4]
 

 DHR’s permanency plan for the child was to place the child with a relative and
 
 *806
 
 to transfer custody of the child to that relative. DHR stated in a court report dated November 18, 2008, that the mother had made attempts to place the child with relatives and a friend, but those placements had not been successful. DHR further stated that it would “continue to make efforts to locate relative resources” for the child.
 

 In an order dated January 20, 2009, the juvenile court stated:
 

 “Based upon [§ ] 15 — 20—26(c)(4)[, Ala.Code 1975,] the [c]ourt is of the opinion that [the] mother is prohibited from establishing a residence or other living arrangements with this child and therefore, [the] mother is prohibited from being granted custody herein. [The] [c]ourt finds that the issue of custody to [the] mother is certified as an issue ripe for appeal.”
 
 [5]
 

 The juvenile court, also in the January 20, 2009, order, further set the matter for an adjudication hearing to be held on April 28, 2009. The mother filed a notice of appeal on January 29, 2009, stating that her appeal was from a certified question of law.
 

 On appeal, the mother argues that § 15-20-26(c)(4) is in violation of the Constitution of the United States because it creates a “statutory termination of parental rights” that impedes her due-process rights; she further argues that § 15-20-26(c)(4) is unconstitutional in its ex post facto application because it retroactively changes the legal consequences of the sex offense she committed in 1987.
 

 As stated above, this court’s recent decision in
 
 D.P. v. Limestone County Department of Human Resources,
 
 supra, permits an appeal from an order after a permanency-planning hearing “[i]f the order addresses crucial issues that could result in depriving a parent of the fundamental right to the care and custody of his or her child, whether immediately or in the future ....” 28 So.3d at 764. The order at issue in the present case addresses a “crucial issue” with respect to the mother because § 15-20-26(c)(4) prohibits the mother from residing with her child because of her status as a sex offender. Therefore, because “the order addresses [a] crucial issue[ ] that could result in depriving [the mother] of the fundamental light to the care and custody of ... her child,” 28 So.3d at 764, the mother’s appeal is properly before this court, and “there was no need for the juvenile court to certify the judgment as final ... before we could entertain the [mother]’s appeal.”
 
 Id.
 
 at 764.
 

 The mother’s appeal is based solely on a constitutional challenge, specifically, that § 15-20-26(c)(4) is unconstitutional in its ex post facto application and because it violates her due-process rights. However, there is nothing in the record on appeal to indicate that the mother raised these constitutional issues before the juvenile court. It is a well-settled rule of appellate procedure that an appellate court will not “consider arguments advanced for the purpose of reversing the judgment of a
 
 *807
 
 trial court when those arguments were never presented to the trial court for consideration or were raised for the first time on appeal.”
 
 State Farm Mut. Auto. Ins. Co. v. Motley,
 
 909 So.2d 806, 821 (Ala.2005) (citing
 
 Crutcher v. Wendy’s of North Alabama, Inc.,
 
 857 So.2d 82, 97 (Ala.2003)). Furthermore, “[i]n order for an appellate court to review a constitutional issue, that issue must have been raised by the appellant and presented to and reviewed by the trial court.”
 
 Alabama Power Co. v. Turner,
 
 575 So.2d 551, 553 (Ala.1991).
 
 See J.K. v. N.J.,
 
 23 So.3d 57 (Ala.Civ.App.2009). Because the mother failed to show that the constitutional issues she raises on appeal were “presented to and reviewed by” the juvenile court, the order of the juvenile court is due to be affirmed.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The record did not indicate where or with whom the child had resided before May 2007.
 

 [2]
 

 . The mother alleges that she and S.S. met the maternal grandparents at the Alabama-Tennessee border to pick up the child.
 

 [3]
 

 . DHR alleged that the mother has been diagnosed with bipolar disorder, and that she had stopped taking her medication; the mother denies that she was ever prescribed medication to treat bipolar disorder.
 

 [4]
 

 .DHR was unable to locate the child’s father, and he made no contact with the child throughout the duration of this proceeding.
 

 [5]
 

 . Section 15-20-26(c)(4), Ala.Code 1975, provides:
 

 "(c) No adult criminal sex offender shall establish a residence or any other living accommodation where a minor resides. Notwithstanding the foregoing, an adult criminal sex offender may reside with a minor if the adult criminal sex offender is the parent, grandparent, or stepparent of the minor, unless one of the following conditions applies:
 

 [[Image here]]
 

 "(4) The adult criminal sex offender has ever been convicted of any criminal sex offense involving a child, regardless of whether the offender was related to or shared a residence with the child victim."