*1292
 
 MOORE, Judge.
 

 This case involves the issue whether a parent who has previously been judicially determined to have abandoned a child may appeal a later judgment terminating her parental rights on the ground that the state failed to prove by clear and convincing evidence that it had employed reasonable efforts to reunite the parent with the child.
 

 The facts relevant to this appeal show that, on June 20, 2007, following what would be considered a permanency hearing under the current statutory framework, see Ala.Code 1975, § 12-15-315,
 
 [1]
 
 the Jefferson Juvenile Court entered a judgment finding that M.H. (“the mother”) had abandoned A.H. (“the child”). The court based its finding of abandonment on evidence demonstrating that the mother had not visited the child since February 2007. The Jefferson County Department of Human Resources (“DHR”) subsequently filed a petition to terminate the parental rights of the mother to the child in September 2007. During the trial on DHR’s termination petition on June 26, 2009, the juvenile court, “without objection,” granted DHR’s motion asking the court to take judicial notice of its prior orders. Furthermore, the mother acknowledged the June 20, 2007, judgment in her testimony at the termination hearing and admitted that she had not visited the child between February and August 2007 because she had gotten “frustrated” and because she felt she was unable to financially care for the child. Following the termination hearing, the juvenile court enfered a judgment terminating the parental rights of the mother to the child. In that judgment, the juvenile court found that DHR had used reasonable efforts to reunite the family until June 19, 2007,
 
 [2]
 
 at which time DHR had been relieved of its duty to use reasonable efforts to reunite the family due to the mother’s abandonment of the child.
 

 On appeal, the mother argues that DHR failed to present clear and convincing evidence in the teraination-of-parental-rights proceeding indicating that it had made reasonable efforts to reunite the mother with the child. Specifically, the mother asserts that, after June 20, 2007, a DHR representative visited her home only once and that, after October 2008, her DHR caseworker used only minimal efforts to assure that the mother attended visitations with the child. We reject the mother’s contentions because, as the juvenile court correctly concluded, DHR had no duty to use reasonable efforts to reunite the mother with the child after June 20, 2007.
 

 Section 12-15-319(a)(l), Ala.Code 1975,
 
 [3]
 
 provides, in pertinent part:
 

 “In determining whether or not the parents are unable or unwilling to discharge their responsibilities to and for the child and to terminate the parental rights, the juvenile court shall consider the follow
 
 *1293
 
 ing factors including, but not limited to, the following:
 

 “(1) That the parents have abandoned the child,
 
 provided that in these eases, proof shall not he required of reasonable efforts to prevent removal or reunite the child with the parents.”
 

 (Emphasis added.) Thus, DHR is under no duty to exert reasonable efforts to reunite a dependent child with a parent after the date the parent abandoned that child.
 
 See, e.g., F.I. v. State Dep’t of Human Res.,
 
 975 So.2d 969, 973-74 (Ala.Civ.App.2007).
 

 In this case, upon determining that it had sufficient evidence demonstrating that the mother had abandoned the child, DHR petitioned the juvenile court to enter a judgment finding that the mother had abandoned the child, a finding that would relieve DHR from continuing to use reasonable efforts to rehabilitate the mother and to reunite her with the child. The juvenile court properly considered that petition in a permanency hearing conducted on June 19, 2007.
 
 See D.P. v. Limestone County Dep’t of Human Res.,
 
 28 So.3d 759, 763 (Ala.Civ.App.2009) (“[Ijssues such as ... the reasonableness of DHR’s efforts to rehabilitate a parent ... are meant to be aired and resolved at a permanency hearing.” (citing
 
 T.V. v. R.S.,
 
 7 So.3d 346 (Ala.Civ.App.2008), and
 
 A.P.B.H. v. Houston County Dep’t of Human Res.,
 
 1 So.3d 53 (Ala.Civ.App.2008))). The juvenile court then entered a judgment finding that the mother had abandoned the child, which relieved DHR of the duty to use reasonable efforts to reunite the family.
 

 In
 
 D.P., supra,
 
 this court held that a permanency order relieving DHR of the duty to use reasonable efforts to reunite a parent with a dependent child constitutes a final judgment that will support an appeal. 28 So.3d at 764. Based on
 
 D.P.,
 
 any error the juvenile court may have committed in this case by relieving DHR of the duty to use reasonable efforts should have been appealed at that point and cannot now be raised following the judgment terminating the mother’s parental rights. The mother did not appeal the June 20, 2007, judgment, and that judgment has become the law of the case.
 
 See generally Life Ins. Co. of Georgia v. Smith,
 
 719 So.2d 797, 801 (Ala.1998). Hence, the mother cannot now claim in this appeal that DHR had any continuing duty to use reasonable efforts to reunite her with the child after June 20, 2007, and she cannot predicate error on any alleged violation of that duty.
 

 The mother did not state any other issue for our review, but, in the argument section of her brief, she appears to attack the sufficiency of the evidence supporting the finding that she was currently unable or unwilling to properly parent the child.
 
 See
 
 Ala.Code 1975, § 12-15-319(a) (“If the juvenile court finds from clear and convincing evidence, competent, material, and relevant in nature, that the parents of a child are unable or unwilling to discharge their responsibilities to and for the child, or that the conduct or condition of the parents renders them unable to properly care for the child and that the conduct or condition is unlikely to change in the foreseeable future, it may terminate the parental rights of the parents.”); and
 
 D.O. v. Calhoun County Dep’t of Human Res.,
 
 859 So.2d 439, 444 (AJa.Civ.App.2003) (“[T]he existence of evidence of
 
 current
 
 conditions or conduct relating to a parent’s inability or unwillingness to care for his or her children is implicit in the requirement that termination of parental rights be based on clear and convincing evidence.”). The mother argues that her parental rights cannot be terminated based on poverty alone,
 
 see C.B. v. State Dep’t of Human Res.,
 
 782 So.2d 781, 785 (Ala.Civ.App.1998) (“[Pjoverty alone is not enough to warrant
 
 *1294
 
 the termination of parental rights.”), and
 
 J.B. v. DeKalb County Dep’t of Human Res.,
 
 12 So.3d 100, 112 (Ala.Civ.App.2008) (Moore, J., with one judge concurring, one judge concurring in the result, and two judges dissenting), or on poverty coupled with a limited mentality.
 
 See C.S.B. v. State Dep’t of Human Res.,
 
 26 So.3d 426, 433 (Ala.Civ.App.2009) (“ ‘[PJoverty and limited mentality of a mother, in the absence of abuse or lack of caring, should not be the criteria for taking away a wanted child from the parents.’ ” (quoting
 
 In re Hickman,
 
 489 So.2d 601, 602-03 (Ala.Civ.App.1986))).
 

 We agree with all the general propositions of law stated by the mother, but we do not agree that the juvenile court based its judgment terminating parental rights solely on the mother’s past circumstances, poverty, or limited mental acuity. The evidence showed without a doubt that the mother had abandoned the child completely from February to August 2007. That evidence authorized the juvenile court to conclude that the mother had abandoned the child for a sufficient period to create a rebuttable presumption that the mother was unable or unwilling to act as a parent to the child.
 
 See
 
 Ala.Code 1975, § 12-15-319(b) (abandonment of child for four months next preceding the filing of petition to terminate parental rights creates rebuttable presumption that parent is unable or unwilling to act as a parent). The evidence also showed that the mother had actually visited with the child only twice between October 2008 and June 26, 2009, the date of trial, and that those two visits had occurred in the month of the trial. The mother testified that she wanted custody of the child only to prevent future hypothetical abuse and discontent of the child in her foster-care placement or adoptive home. The juvenile court could have found that the mother’s limited evidence did not rebut the presumption created by her earlier abandonment.
 

 In reviewing factual findings in termination-of-parental-rights judgments, this court has a narrow standard of review that allows us to disturb those findings only when they are so unsupported by the evidence as to be plainly and palpably wrong.
 
 See J.C. v. State Dep’t of Human Res.,
 
 986 So.2d 1172, 1183 (Ala.Civ.App.2007). If a fact-finder reasonably could have been clearly convinced from the evidence in the record that a parent is unwilling or unable to discharge his or her parental responsibilities to and for the child, this court may not reverse a judgment terminating parental rights arising from ore tenus proceedings in a termination-of-parental-rights case.
 
 See J.B. v. DeKalb County Dep’t of Human Res.,
 
 12 So.3d at 111. Based on that standard of review, we conclude that the juvenile court did not commit reversible error.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . Section 12-15-315 is a new provision that became effective on January 1, 2009, as part of the Alabama Juvenile Justice Act, Ala.Code 1975, § 12-15-101 etseq.
 

 [2]
 

 . The juvenile court indicated in its judgment terminating the mother’s parental rights that it had found on "December 19, 2007," that the mother had abandoned the child. However, that date is obviously in error because the record contains no order entered on December 19, 2007, and the termination judgment reflects the contents of the June 20, 2007, judgment, which was rendered on June 19, 2007.
 

 [3]
 

 .By Act No. 2008-277, Ala. Acts 2008, the Alabama Legislature enacted the Alabama Juvenile Justice Act ("the AJJA”), codified at § 12-15-101 et seq., Ala.Code 1975. The AJJA, which became effective January 1, 2009, among other things, amended and renumbered § 26-13-7, Ala.Code 1975, which is now codified at § 12-15-319.