BRYAN, Judge.
E.D. (“the father”) appeals from a judgment entered on December 30, 2009, by the Madison Juvenile Court that found his child, A.N. (“the child”), dependent, that awarded legal custody of the child to the Madison County Department of Human Resources (“DHR”), and that “authorized and directed” DHR to place physical custody of the child with L.T. (“the mother”). On appeal, the father specifically contends that an order entered by the juvenile court on August 19, 2009, is due to be reversed because he was not represented by an attorney at the adjudicatory and permanency-plan hearing that preceded the entry of the August 19, 2009, order. For the reasons stated below, we affirm the December 30, 2009, judgment entered by the juvenile court.

Procedural History

On May 14, 2009, DHR filed a petition in the juvenile court alleging that the child was dependent. The petition alleged that the child had been living with the father in Huntsville and that the father had been arrested on May 12, 2009, for domestic violence and failure to register as a sex offender. The juvenile-court clerk issued a summons to the father notifying him of the dependency action; attached to the summons was a “Notification of Right to Counsel.” The record does not contain a return of service for the father.
The juvenile court conducted a shelter-care hearing on May 14, 2009; the mother was present at the hearing, but the father was not. Pursuant to an order dated June 2, 2009, DHR was awarded shelter care of the child and was ordered to perform a *165 home study of the mother’s residence in Los Angeles, California.
The juvenile court conducted a permanency hearing on July 31, 2009 (“the July 2009 hearing”). The record reveals that the mother and her attorney were present at the July 2009 hearing but that neither the father nor an attorney for the father was present at the July 2009 hearing.[1] The juvenile-court judge read into the record DHR’s recommended permanency plan for the child, which was to return the child to the parents, and proceeded to hear testimony from the mother and the foster mother of the child. The juvenile court entered an “Order on Adjudicatory, Dispo-sitional, and Permanency Hearing” on August 19, 2009 (“the August 2009 order”). Pursuant to the August 2009 order, the juvenile court found the child dependent, determined that DHR had made reasonable efforts to finalize the permanency plan for the child, adjudicated the father to be the father of the child, and awarded temporary legal and physical custody of the child to DHR.
The father filed an “Affidavit of Indigen-cy” on August 27, 2009, and the father was appointed legal counsel on August 28, 2009. On December 22, 2009, more than four months after the juvenile court had entered the August 2009 order, the father filed a motion to set aside or vacate the August 2009 order, pursuant to Rule 59(e), Ala. R. Civ. P.[2] The father argued that the August 2009 order was due to be vacated because he had a right to be present at the July 2009 hearing and he had “a fundamental right to appointed counsel at every stage of a dependency proceeding,” citing R.H. v. D.N., 5 So.3d 1253 (Ala.Civ.App.2008), and § 12-15-305(b), Ala.Code 1975. A notation in the case-action summary has the word “DENIED” in parentheses after the December 22, 2009, entry of the father’s Rule 59(e) motion.
The juvenile court conducted a disposi-tional and permanency hearing on December 23, 2009 (“the December 2009 hearing”), and the father and his appointed attorney were present. At that hearing, the father argued that the August 2009 order was due to be reversed because the father had not been represented by counsel at the July 2009 hearing. The juvenile court only heard testimony from the child’s foster mother. On December 30, 2009, the juvenile court entered an “Order on Dispo-sitional and Permanency Hearing” (“the December 2009 order”), and, pursuant to that order, legal custody of the child remained with DHR and DHR was “authorized and directed” to return physical custody of the child to the mother. The father was awarded telephone contact with the child and supervised visitation with the child. The juvenile court’s order stated that all provisions of prior orders that were not inconsistent with the December 2009 order were to remain in effect, and the juvenile court set a dispositional hearing to be conducted on April 5, 2010.
On January 5, 2010, the father filed a motion to alter, amend, or vacate the December 2009 order. The father again argued that the August 2009 order was due to be vacated because he had not been represented by an attorney at the July 2009 hearing that led to the juvenile *166 court’s August 2009 order finding the child dependent. The father alleged that he was “prejudiced by hearsay testimony that may have been allowed in without objection.” The father also argued that it was not in the child’s best interest to be placed in the physical custody of the mother. The father’s postjudgment motion was denied by operation of law on January 19, 2010. See Rule 1(B), Ala. R. Juv. P. (“A postjudgment motion is deemed denied if not ruled on within 14 days of filing.”). The father timely filed a notice of appeal to this court.

Issue

On appeal, the only issue presented by the father is whether his due-process rights were violated because he was denied representation by an attorney at all stages of the child’s dependency proceeding.

Standard of Review

“Because the issue before us presents a pure question of law, we review the matter de novo, without any presumption of correctness.” Ex parte Byrom, 47 So.3d 791, 794 (Ala.2010) (citing Simcala, Inc. v. American Coal Trade, Inc., 821 So.2d 197, 200 (Ala.2001)).

Discussion

Before we reach the merits of the father’s argument on appeal, we must first address DHR’s contention that the father’s appeal is due to be dismissed as an appeal from a nonfinal judgment. See James v. Rane, 8 So.3d 286, 288 (Ala.2008) (an appellate court is without jurisdiction to review a case appealed from a nonfinal judgment). DHR argues that the father’s appeal is premature because the juvenile court, in the December 2009 order, set a dispositional hearing to be held in April 2010. We disagree. In D.P. v. Limestone County Department of Human Resources, 28 So.3d 759, 763 (Ala.Civ.App.2009) (quoting J.J. v. J.H.W., 27 So.3d 519, 522 (Ala.Civ.App.2008)), we stated:
“ ‘Under our caselaw, a formal determination by a juvenile court of a child’s dependency coupled with an award of custody incident to that determination will give rise to an appealable final judgment even if the custody award is denominated as a “temporary” award and further review of the case is envisioned.’ ”
In this case, the judgment appealed from, the December 2009 order, maintained the child’s status as a dependent child, awarded legal custody of the child to DHR, and authorized and directed DHR to give physical custody of the child to the mother.
“[W]e have treated a juvenile court’s permanency order as final and appeal-able when it results in depriving a parent of the care, custody, or visitation with his or her child. See R.J.L. v. Lee County Dep’t of Human Res., 976 So.2d 455, 456 (Ala.Civ.App.2007) (appeal of a permanency order transferring ‘physical custody of ... the mother’s two-year-old son[ ] from the child’s foster parents in Alabama to the mother’s cousins ... in Watertown, New York’), and D.B. v. Madison County Dep’t of Human Res., 937 So.2d 535, 536 (Ala.Civ.App.2006) (appeal of a permanency order awarding legal and physical custody of the child to the maternal aunt).
“In determining whether any juvenile-court order that is subject to revision is appealable, we consider that the focus should be on whether the order addresses crucial issues that, if not objected to by the aggrieved party, are thereafter precluded from appellate review. This court has long considered dependency determinations to be final and appeal-able, but there is nothing magic about dependency determinations as opposed *167 to permanency orders. We hold that it is immaterial, for purposes of finality and appealability, that a juvenile court’s order emanates from the permanency-plan hearing rather than from the periodic review of a dependency determination. If the order addresses crucial issues that could result in depriving a parent of the fundamental right to the care and custody of his or her child, whether immediately or in the future, the order is an appealable order.”
D.P. v. Limestone County Dep’t of Human Res., 28 So.3d at 764.
The December 2009 order addressed, among other thing, the disposition of the child pursuant to the juvenile court’s finding of dependency. The December 2009 order deprived the father of the care, custody, and control of the child by continuing legal custody of the child with DHR and by permitting DHR to place physical custody of the child with the mother, who lived in California. Pursuant to this court’s decision in D.P., supra, we conclude that the father’s appeal from the December 2009 order is properly before this court.
On appeal, the father argues that the initial finding of dependency in the August 2009 order is due to be reversed because the juvenile court failed to provide him notice of his right to appointed counsel, pursuant to § 12-15-305(b), Ala. Code 1975,[3] and because an attorney was not appointed on his behalf until after the entry of the August 2009 order finding the child dependent. The father argues that he did not receive proper notice of his right to appointed counsel during the dependency proceedings because he was never properly served with process.
The father filed a timely appeal from the entry of the December 2009 order, and, as we discussed above, the December 2009 order was a final judgment. Thus, the father’s appeal from the December 2009 order is properly before this court. However, the father, on appeal, does not present this court with any alleged errors of law deriving from the entry of the December 2009 order; instead, the error alleged by the father emanates from the entry of the August 2009 order that found the child dependent after conducting a hearing at which the father was not represented by an attorney. Pursuant to this court’s holding in D.P., supra, the August 2009 order was a final appealable judgment because it adjudicated the child dependent and made a custody award incident to that determination that deprived the father of the care, custody, and control of the child. The father did not file a timely appeal of the August 2009 order. Thus, we are constrained to conclude that the father’s failure to timely challenge the August 2009 order precludes him from raising the issue of lack of representation at the July 2009 hearing.[4] We cannot reverse the August 2009 order, which constituted a final judgment, when an appeal was not taken from that judgment. See Morgan v. Lauderdale County Dep’t of *168 Pensions & Sec., 494 So.2d 649, 651 (Ala.Civ.App.1986) (determining that the mother’s argument on appeal from an order terminating her parental rights, that the juvenile court had erred by failing to appoint an attorney on her behalf during earlier dependency proceedings, was “an unauthorized collateral attack” upon the previously entered dependency judgments that were final appealable orders).[5]
The father has not asked this court to review any part of the December 2009 order; thus, the December 2009 order is due to be affirmed.
AFFIRMED.
PITTMAN, J., concurs.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur in the result, without writings.

. At the outset of the July 2009 hearing, the juvenile-court judge stated on the record that the father had requested that he be adjudicated the legal father of the child. An attorney for DHR stated on the record that genetic testing had been completed and that the re-suits of the genetic testing confirmed that the father was the biological father of the child.

. But see Rule 1(B), Ala. R. Juv. P. (requiring postjudgment motions in a juvenile proceeding to be filed within 14 days after the entry of an order or judgment).

. Section 12-15-305(b) states, in pertinent part:
"In dependency ... cases, the respondent parent ... shall be informed of his or her right to be represented by counsel and, if the juvenile court determines that he or she is indigent, counsel shall be appointed where the respondent parent ... is unable for financial reasons to retain his or her own counsel."

. Even if we considered the father's December 22, 2009, motion to set aside or vacate the August 2009 order as a motion made pursuant to Rule 60(b), Ala. R. Civ. P., we could not afford relief to the father because he did not file a timely appeal from the denial of that motion.

. We note that the father correctly argues on appeal that " ‘[p]arents of a child in a dependency case must be advised of their right to be represented by counsel and to have counsel appointed....’” K.P.B. v. D.C.A., 685 So.2d 750, 751 (Ala.Civ.App.1996) (quoting F.D.M. v. C.D.S., 646 So.2d 117, 118 (Ala.Civ.App.1994)). However, our review of the record reveals that the only argument the father presented to the juvenile court regarding the July 2009 hearing and the August 2009 order was that he had a right to be represented by an attorney at the July 2009 hearing. The record does not demonstrate that the father argued that service of process was defective or that he did not receive notice of his right to counsel. It is a fundamental principle of appellate review that an appellate court may not consider an issue raised for the first time on appeal. Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992). Therefore, this court may not consider whether the father received notice of his right to appointed counsel.
This court has held that a parent has a fundamental right to be represented by counsel at every stage of a dependency proceeding. See R.H. v. D.N., 5 So.3d 1253, 1254-55 (Ala.Civ.App.2008) (quoting Smoke v. State Dep’t of Pensions & Sec., 378 So.2d 1149, 1150 (Ala.Civ.App.1979)). This fundamental right is protected by court decisions and by statute, specifically § 12 — 15—305(b), Ala.Code 1975. Id. See supra n. 3. Section 12 — 15—305(b) does not require a juvenile court to appoint counsel on behalf of a respondent parent in a dependency proceeding until the juvenile court determines that the respondent parent is indigent. The record on appeal reveals that the father filed an "Affidavit of Indigency” on August 27, 2009, and that the juvenile court appointed counsel to represent the father on August 28, 2009 — one day after the juvenile court received evidence to support a finding that the father was indigent.