THOMAS, Judge.
 

 D.P. (“the father”) appeals from a judgment of the Limestone Juvenile Court terminating his parental rights to R.C. (“the child”) based on a petition filed by the
 
 *1110
 
 Limestone County Department of Human Resources (“DHR”). We affirm.
 

 This is the second time these parties have been before this court.
 
 See D.P. v. Limestone County Dep’t of Human Res.,
 
 28 So.3d 759 (Ala.Civ.App.2009). In
 
 D.P.,
 
 we summarized the history of the case before that appeal as follows:
 

 “In April 2008, DHR filed a petition alleging that the child was dependent by virtue of the following circumstances: that the child’s mother, L.S., had ongoing substance-abuse problems and had neglected him; that the mother’s husband, R.S., was not the child’s biological father; and that D.P., the child’s alleged biological father, who had an extensive criminal record, had taken custody of the child. Following a hearing, the juvenile court determined that the child was dependent, awarded legal custody to DHR, and placed the child with maternal relatives. The court further ordered that paternity testing be conducted. That testing revealed that D.P. was indeed the biological father of the child, and the juvenile court formally adjudicated him to be the child’s father.
 

 “In December 2008, DHR moved for a judicial determination that it was not obligated to make reasonable efforts to reunite the father and the child because, it alleged, the father had been charged in 1996 with capital murder and had been convicted in 1998 of manslaughter for causing the death of a former girlfriend’s 20-month-old child. DHR’s motion alleged that,
 

 “ ‘pursuant to § 12-15-65(m)(2), Code of Alabama 1975, reasonable efforts shall not be required where a court of competent jurisdiction has determined that a parent has committed murder or voluntary manslaughter of another child.’
 

 “The juvenile court set DHR’s motion to be relieved of the obligation to make reasonable efforts to reunite the father and the child for a hearing on January 30, 2009. The record does not contain a transcript of that hearing, but the court issued an order following the hearing indicating that the court and counsel had discussed the fact that § 12-15-65(m)(2), Ala.Code 1975, does not, in fact, relieve DHR of the obligation to make reasonable efforts when a court of competent jurisdiction determines that a parent has ‘[cjommitted murder or voluntary manslaughter
 
 of another child.’
 
 (Emphasis added.) That statute applies when a parent has ‘[cjommitted murder or voluntary manslaughter
 
 of another child of such parent
 
 ’ (emphasis added), whereas the Alabama Juvenile Justice Act of 2008 (‘the current AJJA’), effective January 1, 2009, ‘expands the types of criminal offenses which, if committed by a parent of a child in foster care, excuses the state from making reasonable efforts .... ’
 
 See Alabama Juvenile Justice Act of 2008 Annotated Guide,
 
 p. 62 n. 100 (Alabama Administrative Office of Courts, July 29, 2008). Section 12-15-312(c)(2), Ala.Code 1975, a part of the current AJJA, provides that DHR is excused from making reasonable efforts if a parent has, among other things, ‘[cjommitted murder or manslaughter
 
 of another child....’
 
 Section 12-15-312(c)(2) contains no requirement that the victim of murder or manslaughter be
 
 the parent’s
 
 child.
 

 “During the January 30, 2009, hearing, DHR apparently argued that § 12-15-312(c)(2), the current AJJA provision, governed the juvenile court’s decision on its motion, and the father argued that former § 12-15-65(m)(2) governed .... ”
 

 28 So.3d at 760-61.
 

 The juvenile court subsequently entered a judgment establishing the permanency
 
 *1111
 
 plan for the child. The juvenile court also determined in its judgment that § 12-15-312(c)(2), Ala.Code 1975, applied to the case and that, pursuant to that statute, DHR was no longer required to use reasonable efforts to reunite the father with the child.
 
 Id.
 
 at 762. The father appealed the juvenile court’s judgment to this court.
 
 Id.
 
 After determining that the juvenile court’s judgment was a final, appealable judgment, this court addressed the father’s argument concerning the juvenile court’s determination that DHR was no longer required to use reasonable efforts toward reunification.
 
 Id.
 
 at 764.
 

 The father argued in
 
 D.P.
 
 that the juvenile court’s application of § 12-15-312(c)(2) to him violated the constitutional prohibition against ex post facto laws. With respect to the father’s argument on appeal, we held:
 

 “The record shows that the father made an argument to the juvenile court that § 12-15-312(c)(2) should not be applied to relieve DHR of the reasonable-efforts requirement. The record does not reveal, however, the basis of the father’s argument; consequently, there is nothing in the record to indicate that the father presented his ex post facto argument to the juvenile court. This court cannot consider arguments raised for the first time on appeal. Our review is restricted to the evidence and the arguments considered by the trial court; even constitutional issues may not be raised for the first time on appeal.
 
 Andrews v. Merritt Oil Co.,
 
 612 So.2d 409, 410 (Ala.1992).
 
 See also
 
 Rule 4(a)(3), Ala. R.App. P. (any error asserted in the trial court may be asserted on appeal). Moreover, the prohibitions in both the United States Constitution and the Alabama Constitution against ex post facto laws apply only to criminal cases.
 
 See Colder v. Bull,
 
 3 U.S. (3 Dali.) 386, 1 L.Ed. 648 (1798);
 
 Reed v. Brunson,
 
 527 So.2d 102,114 n. 5 (Ala.1988).”
 

 28 So.3d at 764-65. Consequently, we affirmed the juvenile court’s judgment that, among other things, relieved DHR of its requirement to use reasonable efforts to reunify the father with the child.
 
 Id.
 

 On December 3, 2009, DHR petitioned the juvenile court to terminate the father’s parental rights. The juvenile court held a hearing on DHR’s petition, and, on August 23, 2010, it entered a judgment terminating the father’s parental rights to the child. The father subsequently appealed to this court.
 

 The father presents one argument on appeal: that the juvenile court erred in terminating his parental rights because, he says, the juvenile court’s application of § 12-15-312(c)(2) violates the constitutional prohibition against ex post facto laws. Therefore, the father argues, DHR should not have been relieved of its duty to use reasonable efforts to reunify the father and the child. The issue that the father argues in the present appeal is identical to the issue already considered and decided in
 
 D.P.
 

 The doctrine of the law of the case provides that “whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case.”
 
 Blumberg v. Touche Ross & Co.,
 
 514 So.2d 922, 924 (Ala.1987). Because in
 
 D.P.
 
 we affirmed the juvenile court’s judgment relieving DHR of using reasonable efforts to reunify the father and the child, the father is precluded by the doctrine of the law of the case from arguing that issue again in the present appeal.
 
 See M.H. v. Jefferson County Dep’t of Human Res.,
 
 42 So.3d
 
 *1112
 
 1291,1293 (2010) (holding that a final judgment relieving Jefferson County DHR of its duty to use reasonable efforts had become the law of the case and, therefore, that that holding could not be challenged in an appeal from a later judgment terminating a parent’s parental rights). Therefore, the juvenile court’s judgment terminating the father’s parental rights is due to be affirmed.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.