MOORE, Judge.
 

 L.M. (“the mother”) appeals from a judgment of the Jefferson Juvenile Court determining that she had abandoned her children, K.M. and J.M. (“the children”), and, thus, relieving the Jefferson County Department of Human Resources (“DHR”) of making reasonable efforts to reunite her with the children. We affirm.
 

 Relevant Procedural
 
 History
 
 [1]
 

 On March 16, 2007, DHR filed petitions alleging that the children were dependent. On May 31, 2007, the juvenile court entered a judgment finding the children dependent, awarding custody of the children
 
 *860
 
 to the mother, and ordering the mother to submit to a drug screening and a substance-abuse assessment. After the mother continued to test positive for drugs, the juvenile court held a shelter-care hearing on March 5, 2008, and entered an order that same day finding the mother in contempt of court and ordering her incarcerated for five days. On March 12, 2008, the juvenile court entered an order noting that the children had been previously determined to be dependent, awarding custody of the children to DHR, and awarding the mother supervised visitation.
 

 On January 13, 2010, the juvenile court conducted a compliance/dispositional and permanency hearing. Thereafter, on January 19, 2010, the juvenile court entered an order noting, among other things, that DHR’s permanency plan remained to return the children to the mother; that DHR had requested that the juvenile court relieve it from making reasonable efforts to reunite the mother with the children because the mother had abandoned the children; and that, other than a brief telephone call in December 2009, the mother had had no meaningful contact with the children since June 2009. The juvenile court reserved ruling on DHR’s request and it scheduled a compliance/dispositional hearing for June 16, 2010. At the June 16, 2010, hearing, DHR again moved the juvenile court to find that the mother had abandoned the children. The juvenile court noted that it would hear that motion at a review hearing on June 30, 2010. Apparently, however, at the June 30, 2010, hearing, the mother’s attorney objected to DHR’s oral motion and requested that the court require DHR to file a written motion requesting a finding of abandonment. That same day, DHR filed a written “Motion to Adjudicate Abandonment.” A hearing was held on DHR’s motion on July 15, 2010, and a judgment was entered that same day granting DHR’s motion and relieving DHR from making further reasonable efforts at reunification. The mother filed her notice of appeal on July 21, 2010.
 

 Discussion
 

 Initially, we note that the juvenile court’s July 15, 2010, judgment finding that the mother had abandoned the children and relieving DHR from making further reasonable efforts at reunification is a final judgment that will support an appeal.
 
 See M.H. v. Jefferson County Dep’t of Human Res.,
 
 42 So.3d 1291, 1293 (Ala.Civ.App.2010) (“In
 
 D.P. [v. Limestone County Department of Human Resources,
 
 28 So.3d 759, 764 (Ala.Civ.App.2009),] this court held that a permanency order relieving DHR of the duty to use reasonable efforts to reunite a parent with a dependent child constitutes a final judgment that will support an appeal.”); and
 
 D.P. v. Limestone County Dep’t of Human Res.,
 
 28 So.3d 759, 764 (Ala.Civ.App.2009) (“We hold that it is immaterial, for purposes of finality and appealability, that a juvenile court’s order emanates from the permanency-plan hearing rather than from the periodic review of a dependency determination. If the order addresses crucial issues that could result in depriving a parent of the fundamental right to the care and custody of his or her child, whether immediately or in the future, the order is an appealable order.”). Thus, we will proceed to address the merits of the mother’s appeal.
 

 On appeal, the mother first argues that the juvenile court erred in entering its judgment relieving DHR of its duty to make reasonable efforts at reunification because, she says, DHR failed to present evidence indicating that the abandonment was voluntary and intentional. We note that the mother’s argument challenges the sufficiency of the evidence to support the juvenile court’s judgment; however, the
 
 *861
 
 juvenile court did not make any specific findings of fact in its judgment and the mother failed to file a postjudgment motion challenging the sufficiency of the evidence. In
 
 New Properties, L.L.C. v. Stewart,
 
 905 So.2d 797, 801-02 (Ala.2004), our supreme court held: “[I]n a nonjury case in which the trial court makes no specific findings of fact, a party must move for a new trial or otherwise properly raise before the trial court the question relating to the sufficiency or weight of the evidence in order to preserve that question for appellate review.”
 
 [2]
 
 Because the mother failed to “move for a new trial or otherwise properly raise before the [juvenile] court the question relating to the sufficiency or weight of the evidence,” we must conclude that she failed to preserve her argument for review by this court.
 

 The mother also argues that the juvenile court erred in not requiring DHR to serve her with process regarding DHR’s motion to adjudicate abandonment, thus depriving her of procedural due process. She argues that the adjudication of abandonment is an element to be considered in a termination-of-parental-rights action and, thus, should require service of process, as is required for a petition to terminate parental rights.
 
 See
 
 Ala.Code 1975, § 12-15-318. We disagree.
 

 Although § 12-15-318 specifically provides for service of process of termination-of-parental-rights petitions in accordance with the Alabama Rules of Civil Procedure, the judgment in this case was entered as a part of an ongoing dependency proceeding. The procedure for the issuance of notices and service of summons in dependency proceedings is set forth in Rule 13, Ala. R. Juv. P. That rule provides for service of a summons on all parties with regard to the initial petition alleging dependency,
 
 see
 
 Rule 13(A)(1), Ala. R. Juv. P.; however, for subsequent hearings other than detention, shelter-care, and 72-hour hearings, only written notice of the hearing is required.
 
 See
 
 Rule 13(C), Ala. R. Juv. P. Rule 14, Ala. R. Juv. P., provides, in part, that “[cjounsel who have appeared shall receive copies of all notices required by statute or rule to be given to parties, and, in such cases, notices need not be given to the parties unless the court shall so order.”
 

 In the present case, the mother does not dispute that her counsel was served with DHR’s motion to adjudicate abandonment or that he was notified of the hearing on that motion. In fact, the mother’s attorney was present at the hearing and presented arguments on the mother’s behalf. The mother does not argue that the juvenile court ordered that she personally be given notice. Because there is no dispute that the mother was given the notice mandated by the Alabama Rules of Juvenile Procedure, we conclude that the mother’s due-process right to notice was not violated in this case.
 
 See Stribling Equip., Inc. v. Crager,
 
 891 So.2d 299, 304 (Ala.2004) (finding no due-process violation when service of notice was made on attorney instead of on party and service was thus made in accordance with the Alabama Rules of Civil Procedure).
 

 Based on the foregoing, we affirm the judgment of the juvenile court.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . Only the hearings and orders that are relevant to the issue presented on appeal are included in the procedural history.
 

 [2]
 

 . We note that
 
 New Properties, supra,
 
 relies on Rule 52(b), Ala. R. Civ. P. Although this case is a juvenile-court case, pursuant to Rule 1, Ala. R. Juv. P., Rule 52(b) is applicable.