BRYAN, Judge.
E.E.R. (“the father”) appeals from a judgment of the Marion Juvenile Court (“the juvenile court”) that relieved the Marion County Department of Human Resources (“DHR”) from making reasonable efforts to reunite the father with his daughters, L.B.R., who was born in October 2007, and S.R., who was born in May 2006 (L.B.R. and S.R. are hereinafter referred to collectively as “the children”).
*793 The record indicates that DHR filed petitions in the juvenile court alleging that the children were dependent on April 13, 2011. At a shelter-care hearing on April 15, 2011, the juvenile court heard ore tenus evidence in support of DHR’s petitions. On April 21, 2011, the juvenile court entered a judgment finding that the children were dependent and that reasonable efforts to reunite the family were not required because the father and C.R., the mother of the children (“the mother”), had “subjected the children to an aggravated circumstance and the risk of child abuse or neglect [wa]s too high for the children to remain at home safely or to be returned home.” The juvenile court awarded custody of the children to DHR, and it subsequently scheduled a permanency hearing to be conducted on May 27, 2011.
The father filed a timely postjudgment motion on May 5, 2011, pursuant to Rule 59, Ala. R. Civ. P., challenging certain aspects of the juvenile court’s April 21, 2011, judgment. The father also requested that the juvenile-court judge who had presided over the shelter-care hearing re-cuse himself. The father’s postjudgment motion was denied by operation of law on May 19, 2011, see Rule 1(B), Ala. R. Juv. P., and the father filed a notice of appeal on May 20, 2011.[1]
On May 27, 2011, after the father had filed his notice of appeal, the juvenile court entered an order that stated:
“This cause came before the court this date for permanency hearing. In an effort to avoid inconsistent positions and the appearance of impropriety relating to the parents, the court has decided to recuse itself from this matter. Therefore the permanency hearing is continued.
“It is the court’s opinion that return to the parents is contrary to the welfare of the children and. that they shall remain in the custody of [DHR].”
On appeal, the father argues that there was insufficient evidence to support the juvenile court’s order relieving DHR of its obligation to make reasonable efforts to reunite him with the children and that the April 21, 2011, judgment should be reversed because the juvenile-court judge was biased against the father. Because we find the father’s second issue determinative of this appeal, we will address it first.
The record indicates that, during the shelter-care hearing, the juvenile-court *794 judge made certain comments that indicated that he had unfavorable knowledge of the father’s extended family beyond the evidence that had been presented. The transcript from the shelter-care hearing also reveals an exchange between the juvenile-court judge and the father’s adult daughter, who was testifying on the father’s behalf, wherein the juvenile-court judge asked her if any member of her family worked, if any member of her family had ever worked, if any of her siblings or first cousins had finished high school, if she could name anyone in her family who was doing anything “to help themselves out,” and if the members of her family “just try to draw a check.”
The father argued in his postjudgment motion that, based on those comments, it was evident that the juvenile-court judge was biased against the father and his family and that the juvenile-court judge was unable to impartially adjudicate the dependency petitions. On appeal, the father argues again that the comments made by the juvenile-court judge indicated bias against the father and that the father has a right to a hearing before a neutral judge. See Marshall v. Jerrico, Inc., 446 U.S. 238, 242, 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980) (“The Due Process Clause entitles a person to an impartial and disinterested tribunal in both civil and criminal cases.... The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law.”).
In Crowell v. May, 676 So.2d 941, 944 (Ala.Civ.App.1996), this court discussed the circumstances in which it would be appropriate for a trial-court judge to re-cuse himself or herself from a case:
“Canon 3(C)(1) of the Alabama Canons of Judicial Ethics clearly states that ‘[a] judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned.’ (Emphasis added.) Therefore, it appears that actual bias is not necessary for a judge to recuse — only a reasonable appearance of bias or impropriety. The strictest application of this rule may ‘sometimes bar trial by judges who have no actual bias and who would do their very best to weigh the scales of justice equally between contending parties. But to perform its high function in the best way “justice must satisfy the appearance of justice.” ’ In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955) (citations omitted).”
(Final emphasis added.)
In the present case, the juvenile-court judge granted the father’s motion to re-cuse before conducting the permanency hearing and after acknowledging that there was at least an appearance of impropriety. However, the juvenile court did not vacate any part of its judgment entered on April 21, 2011, after the shelter-care hearing. In light of the fact that the juvenile-court judge decided to recuse himself from the proceeding because there was an appearance of impropriety, we agree with the father that the juvenile court’s determination relieving DHR of its obligation to use reasonable efforts to reunite the father and the children should be reversed and that that determination should be reconsidered by the juvenile-court judge who was assigned to the case after the juvenile-court judge who conducted the shelter-care hearing recused himself.[2] See Acromag-Viking v. Blalock, 420 *795 So.2d 60, 62 (Ala.1982) (after concluding that the trial-court judge should have re-cused himself, our supreme court reversed the trial court’s judgment and remanded the case for a new trial). Accordingly, we reverse the juvenile court’s April 21, 2011, judgment insofar as it relieved DHR of its duty to use reasonable efforts to reunite the father and the children, and we remand the cause to the juvenile court for proceedings consistent with this opinion.[3]
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without "writing.

. In D.P. v. Limestone County Department of Human Resources, 28 So.3d 759, 764 (Ala.Civ.App.2009), this court discussed a parent’s ability to appeal certain juvenile-court orders that had been entered in a dependency proceeding, despite the fact that future review of the case was envisioned. We held that, ‘‘[i]n determining whether any juvenile-court order that is subject to revision is appealable, we consider that the focus should be on whether the order addresses crucial issues that, if not objected to by the aggrieved party, are thereafter precluded from appellate review.” Id. In D.P., the juvenile court entered a permanency order that relieved the Limestone County Department of Human Resources of its obligation to provide rehabilitative and reunification services to the father in that case. We concluded that, because such an order addressed crucial issues that deprived the father of his "fundamental right to the care and custody of his ... child,” such an order was appealable. Id. Similarly, in the present case, the juvenile court relieved DHR of its obligation to provide reunification services to the father. Accordingly, as we did in D.P., we conclude that the juvenile court’s order was appealable. See also M.H. v. Jefferson Cnty. Dep’t of Human Res., 42 So.3d 1291, 1293 (Ala.Civ.App.2010) ("[A]ny error the juvenile court may have committed in this case by relieving DHR of the duty to use reasonable efforts should have been appealed at that point and cannot now be raised following the judgment terminating the mother’s parental rights.”).

. We note that, on appeal, the father challenges only that part of the April 21, 2011, judgment that relieves DHR of its duty to use *795 reasonable efforts to reunite him with the children.

. In light of our decision reversing the juvenile court’s April 21, 2011, judgment insofar as it relieved DHR of its duty to use reasonable efforts to reunite the father and the children, we pretermit discussion of the father's argument that such a determination was unsupported by the evidence. Furthermore, we note that the mother did not file an appeal challenging the juvenile court’s determination that DHR was not obligated to use reasonable efforts to reunite her with the children; accordingly, the juvenile court should not vacate any part of the April 21, 2011, judgment pertaining to the mother.