THOMPSON, Presiding Judge.
 

 On December 13, 2007, the Jefferson County Department of Human Resources (“DHR”) filed complaints alleging that B.N. and W.N. Ill (hereinafter together referred to as “the children”) were dependent children.
 
 [1]
 
 The dependency complaints alleged that the children’s parents, Y.N. (“the mother”) and W.N., Jr. (“the father”), were abusing drugs and that the children were not adequately supervised. On December 14, 2007, the juvenile court entered orders finding the children dependent and placing them in the pendente lite custody of K.F., a cousin of the children.
 
 [2]
 
 The record indicates that the mother and the father were ordered to submit to substance-abuse assessments and psychological evaluations, to submit to random drug tests, and to obtain and maintain stable housing and employment as requirements for family reunification. Both parents were awarded visitation with the children.
 

 Subsequently entered review orders indicate that the parents were ordered to comply with the recommendations resulting from the substance-abuse assessments, which included treatment for substance-abuse problems. The record indicates that the parents did not comply with the reunification requirements.
 

 Pursuant to review orders entered in April 2008, pendente lite custody of the children was changed to place them in the pendente lite custody of K.F. and his mother, S.F. References in the record, including statements in a DHR court report, indicate that the children spent a great deal of time with S.F. The record indicates that K.F. and S.F. have residences on the same street.
 

 Review orders entered with regard to each child on August 21, 2008, specified that the permanency plan for the children was “permanent relative placement with transfer of custody to the relative.” At that time, the children remained in the pendente lite custody of K.F. and S.F. The reunification requirements for the parents remained the same, i.e., submitting to random drug testing, undergoing substance-abuse treatment, and maintaining stable housing and employment. Pursuant to orders entered on December 23, 2008, each parent was ordered to pay child support for the benefit of the children.
 

 On March 11, 2009, the juvenile court entered orders in which it, among other things, suspended the parents’ rights to visitation with the children pending a further order of the court; the record does not indicate the reason that the parents’ visitation was suspended. The March 11, 2009, orders indicate that the children’s cases were scheduled for an April 9, 2009, “review hearing.”
 

 The record contains the transcript of the April 9, 2009, hearing. The mother was present at the hearing, but the father was not.
 
 [3]
 
 No testimony was taken at that hearing, but a number of representations and arguments were made by the parties’
 
 *838
 
 attorneys, the children’s guardian ad litem, and the custodians’ attorney. After that hearing, on April 11, 2009, the juvenile court, over the objection of the mother, entered orders awarding custody of the children to K.F. and S.F. and closing the cases. The April 11, 2009, orders specified that the parents have no contact or visitation with the children. The mother timely appealed, challenging those parts of the April 11, 2009, orders that denied her the right to visitation with the children.
 

 During the hearing before the juvenile court, the arguments of the attorneys indicated that the mother had failed to submit to random drug testing and that she had failed to visit the children. The attorneys’ representations indicated that the mother had repeatedly promised to visit the children, but had failed to do so, and that that conduct had had a negative effect on the children. Based on the oral arguments of counsel, the juvenile court, over the objection of the mother, determined the children to be dependent, awarded custody to K.F. and S.F., and denied the mother visitation rights. In doing so, the juvenile court noted that the mother could file a modification petition when she improved her circumstances.
 

 Dispositional hearings such as the one conducted by the juvenile court are intended to be based on evidence presented to the juvenile court.
 
 See
 
 § 12-15-65(d), (f), (h), Ala.Code 1975 (specifying that a court shall hear evidence and determine whether the evidence demonstrates beyond a reasonable doubt that the child is dependent and that, in dispositional hearings, “all relevant and material evidence ... may be received”). Similarly, it is well settled that, with regard to a parent’s right to visitation with a dependent child, the juvenile court must consider whether the requested visitation is in the best interests of the child. § 12-15-71(a)(4), Ala.Code 1975;
 
 K.B. v. Cleburne County Dep’t of Human Res.,
 
 897 So.2d 379, 387-88 (Ala.Civ.App.2004);
 
 Floyd v. Alabama Dep’t of Human Res.,
 
 550 So.2d 980, 981 (Ala.Civ.App.1988); and
 
 Heup v. State Dep’t of Human Res.,
 
 522 So.2d 295, 298-99 (Ala.Civ.App.1988). The allegations of the attorneys in this case, if supported by evidence, might be sufficient to warrant a suspension of the mother’s visitation rights. However, the record on appeal contains no evidence. “The unsworn statements, factual assertions, and arguments of counsel are not evidence.”
 
 Ex parte Russell,
 
 911 So.2d 719, 725 (Ala.Civ.App.2005). Accordingly, we reverse the juvenile court’s judgment and remand the cause for the juvenile court to conduct an evidentiary dispositional hearing.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 THOMAS, J., concurs in the result, without writing.
 

 [1]
 

 . In some parts of the record, W.N. Ill is incorrectly referred to as "W.N., Jr.”
 

 [2]
 

 . The record refers to K.F. as a "second cousin,” but it is not clear if he is the second cousin of the children or of one of the children's parents.
 

 [3]
 

 . The father has not appealed, and this opinion does not reference facts relevant to his attempts at reunification with the children.