THOMPSON, Presiding Judge.
This is the second time this matter has been before this court. In Y.N. v. Jefferson County Department of Human Resources, 37 So.3d 836, 837-38 (Ala.Civ.App.2009), this court set forth the procedural history and facts of this matter as follows:
“On December 13, 2007, the Jefferson County Department of Human Resources (‘DHR’) filed complaints alleging that B.N. and W.N. Ill (hereinafter together referred to as ‘the children’) were dependent children. The dependency complaints alleged that the children’s parents, Y.N. (‘the mother’) and W.N., Jr. (‘the father’), were abusing drugs and that the children were not adequately supervised. On December 14, 2007, the juvenile court entered orders finding the children dependent and placing them in the pendente lite custody of K.F., a cousin of the children. The record indicates that the mother and the father were ordered to submit to substance-abuse assessments and psychological evaluations, to submit to random drug tests, and to obtain and maintain stable housing and employment as requirements for family reunification. Both parents were awarded visitation with the children.
“Subsequently entered review orders indicate that the parents were ordered to comply with the recommendations resulting from the substance-abuse assessments, which included treatment for substance-abuse problems. The record indicates that the parents did not comply with the reunification requirements.
“Pursuant to review orders entered in April 2008, pendente lite custody of the children was changed to place them in the pendente lite custody of K.F. and his mother, S.F. References in the record, including statements in a DHR court report, indicate that the children spent a great deal of time with S.F. The record indicates that K.F. and S.F. have residences on the same street.
“Review orders entered with regard to each child on August 21, 2008, specified that the permanency plan for the children was ‘permanent relative placement with transfer of custody to the relative.’ At that time, the children remained in the pendente lite custody of K.F. and S.F. The reunification requirements for the parents remained the same, i.e., submitting to random drug testing, undergoing substance-abuse treatment, and maintaining stable housing and employment. Pursuant to orders entered on December 23, 2008, each parent was ordered to pay child support for the benefit of the children.
“On March 11, 2009, the juvenile court entered orders in which it, among other things, suspended the parents’ rights to visitation with the children pending a further order of the court; the record does not indicate the reason that the parents’ visitation was suspended. The March 11, 2009, orders indicate that the children’s cases were scheduled for an April 9, 2009, ‘review hearing.’
“The record contains the transcript of the April 9, 2009, hearing. The mother was present at the hearing, but the father was not. No testimony was taken *79 at that hearing, but a number of representations and arguments were made by the parties’ attorneys, the children’s guardian ad litem, and the custodians’ attorney. After that hearing, on April 11, 2009, the juvenile court, over the objection of the mother, entered orders awarding custody of the children to K.F. and S.F. and closing the cases. The April 11, 2009, orders specified that the parents have no contact or visitation with the children. The mother timely appealed, challenging those parts of the April 11, 2009, orders that denied her the right to visitation with the children.
“During the hearing before the juvenile court, the arguments of the attorneys indicated that the mother had failed to submit to random drug testing and that she had failed to visit the children. The attorneys’ representations indicated that the mother had repeatedly promised to visit the children, but had failed to do so, and that that conduct had had a negative effect on the children. Based on the oral arguments of counsel, the juvenile court, over the objection of the mother, determined the children to be dependent, awarded custody to K.F. and S.F., and denied the mother visitation rights. In doing so, the juvenile court noted that the mother could file a modification petition when she improved her circumstances.”
(Footnotes omitted.) This court concluded that the juvenile court had erred in reaching its dispositional judgment by relying on the representations of counsel and by failing to base its decision on a consideration of evidence. Y.N. v. Jefferson County Dep’t of Human Res., 37 So.3d at 838. Accordingly, this court reversed the judgment and remanded the case for the juvenile court to conduct an evidentiary hearing. Id.
On remand, the juvenile court conducted an ore tenus hearing, and, on April 29, 2010, it entered the following judgment:
“After considering the sworn testimony and all exhibits that were properly admitted, the Court finds the following facts:
“These cases were initiated by the filing of a dependency petition by [the Jefferson County Department of Human Resources (‘DHR’)] on December 13, 2007. By agreement of all parties and attorneys, these children were found dependent on December 14, 2007, and placed in the legal custody of a relative on the same day. That since the finding of dependency the parents have been under the same court orders (submit to a psychological evaluation and participate in suggested treatment plan; submit to substance abuse assessment and comply with recommendations; obtain and maintain housing and employment; successfully complete parenting skills class). On December 17, 2008, the father was ordered to pay $560 per month as per court orders in a separate child support case and the mother was ordered to pay $125 per month beginning January 1, 2009.
“The mother and the father were awarded supervised visitation on December 14, 2007, with their minor children to be supervised by DHR or its desig-nee. That due to the parents’ promise to visit with their children and failing to show up and causing both children detriment; including but not limited to, [W.N. Ill] having developed suicidal thoughts and having to be subjected to a suicidal evaluation, and both children having to attend counseling to deal with their feelings, that on March 10, 2009, this Court suspended the parents’ visitation until further order of the court. That after having suspended the visitation, the children were able to process *80 their feelings more, began to do better in school, were not upset anymore, and their behavior began improving in the custodians’ home. Furthermore, counseling for the children was stopped as the suicidal thoughts of [W.N. Ill] had stopped and the progress in the behaviors of both [B.N.] and [W.N. Ill] had improved. Recently, [W.N. Ill] has had to return to counseling due to his anxiety [as to] the upcoming court dates. His counselor, Chris Litton Psy.D., has reported that [W.N. Ill] ‘has extreme anxiety regarding his biological mother.’
“DHR [social worker Waynette Smith] reports that as of the date of this hearing, she has not heard from the mother and/or father in more than a year. That the telephone number supplied to the social worker was not working and that the parents did not offer new numbers or addresses. That the psychological evaluation and substance abuse assessments suggested both parents randomly drug screen and should any screen turn up positive, then the parents shall enter inpatient treatment. That should they test clean, parents should attend outpatient treatment. Furthermore, the parents should attend [Narcotics Anonymous/Alcoholics Anonymous] meetings; attend individual counseling; six (6) months of sobriety; parenting classes; and maintain housing and employment. [Smith] testified that both parents had submitted to approximately three (3) drug screens, the last being in September of 2008, and that each parent had at least one positive screen during that time. That [Smith] has been on this case since at least February 2007, and that the parents have made no attempts to call her in the past year. [Smith] has no knowledge or verification of the parents’ home or employment due to her inability to make contact with the parents.
“[S.F.] reports that children are doing well despite their anxiety and that [W.N. Ill] is back in counseling. She further reports that she has received no child support from the parents.
“In consideration of all facts, the Court Orders and Decrees as follows:
“1. The Court notes the previous order duly entered, finding the above named children to be dependent on December 14, 2007.
“2. That custody of [B.N.] and [W.N. Ill] shall remain vested in [K.F.] and [S.F.],
“3. That the Mother and Father shall:
“a. Participate in the suggested treatment plan as defined in their individual psychological evaluations;
“b. Comply with recommendations for treatment as directed in their individual substance abuse assessments;
“c. Submit to' random drug screens at a program such as TASC on the color ‘peach’;
“d. Obtain and maintain suitable and stable housing and employment;
“e. Successfully complete a parenting skills class;
[[Image here]]
“4. The Court finds that placement of the above-mentioned children with their parents would be contrary to said children’s welfare and interests as the parents have not complied with court orders, have failed to show their sobriety, and have failed to change their lifestyle.
“5. The Court finds that reasonable efforts have been made to reunite said children with family and that such efforts at reunification have not failed as the children are placed with relative placement.
*81 “6. That visitation for the mother and father shall remain suspended. This Court believes that to allow no contact between children and parents would be in the best interest of said children and does so based on the parents’ actions or inactions in regard to visitation in the past. Said minor children have been detrimentally affected by the parents’ failure to attend said visitations as promised. That at least one child has expressed suicidal thoughts due to his parents’ not showing up for visitations and caused him to seek counseling in regard to suicidal issues. Both children have had to participate in counseling to address anger issues and behavior issues. That since the Court suspended the parents’ visitation on March 10, 2009, both children have made substantial improvement in all aspects of their lives.
“7. The father shall pay child support as previously ordered ... at the rate of Five Hundred Sixty Dollars and no/100 ($560) per month.
“8. The mother shall pay child support as previously ordered in this case at the rate of One Hundred Twenty-Five and no/100 ($125) per month ...
“9. That Jefferson County Department of Human Resources is hereby relieved of further supervision.
[[Image here]]
“11. This matter is CLOSED to further court review. Court costs are taxed as paid.”
In response to the above-quoted judgment, Y.N. (“the mother”) filed a post-judgment motion. The juvenile court denied the postjudgment motion, and the mother timely appealed.
“In awarding visitation rights relating to the disposition of a ‘dependent child’ pursuant to [former] § 12-15-71(a) [now repealed and replaced by § 12-15-314(a), Ala.Code 1975], the trial court is guided by the ‘best interests of the child’ standard. See [former] § 12-15-71(a)(4) (‘If a child is found to be dependent, the court may make any of the following orders of disposition to protect the welfare of the child: ... (4) Make any ... order as the court in its discretion shall deem to be for the welfare and best interests of the child.’).
“ ‘ “ ‘The determination of proper visitation ... is within the sound discretion of the trial court, and that court’s determination should not be reversed absent a showing of an abuse of discretion.’ Ex parte Bland, 796 So.2d 340 (Ala.2000). ‘[C]ases in Alabama have consistently held that the primary consideration in setting visitation rights is the best interests and welfare of the child. Furthermore, each child visitation case must be decided on its own facts and circumstances.’ Fanning v. Fanning, 504 So.2d 737, 739 (Ala.Civ.App.1987) (citations omitted). ‘When the issue of visitation is determined after oral proceedings, the trial court’s determination of the issue will not be disturbed absent an abuse of discretion or a showing that it is plainly in error. Andrews v. Andrews, 520 So.2d 512 (Ala.Civ.App.1987).’ Dominick v. Dominick, 622 So.2d 402, 403 (Ala.Civ.App.1993).” ’ ”
K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d 379, 387-88 (Ala.Civ.App.2004) (quoting K.L.R. v. L.C.R., 854 So.2d 124, 132 (Ala.Civ.App.2003), quoting in turn K.L.U. v. M.C., 809 So.2d 837, 840-41 (Ala.Civ.App.2001)).
The mother’s brief submitted to this court contains a “statement of the facts” that is identical to the “statement of the case” contained in her brief; neither of those portions of the brief references the *82 evidence presented at the ore tenus hearing. In her arguments before this court, the mother does not challenge any of the factual findings set forth in the juvenile court’s April 29, 2010, judgment; even in the argument portion of her appellate brief, the mother makes no reference to the underlying facts of this case. Therefore, the mother has waived any challenge to whether the evidence in the record supports the juvenile court’s factual findings, i.e., whether the juvenile court exceeded its discretion in refusing to award her visitation with the children based on its determination that an award of visitation would not be in the children’s best interests. See K.B. v. Cleburne County Dep’t of Human Res., supra; see also Pardue v. Potter, 632 So.2d 470, 473 (Ala.1994) (“Issues not argued in the appellant’s brief are waived.”). We note, however, that our review of the record indicates that the juvenile court’s factual findings were supported by the evidence presented to it during the ore tenus hearing.
Before this court, the mother contends that the juvenile court erred, as a matter of law, when it suspended her visitation rights. However, Alabama law authorizes a juvenile court to suspend a parent’s visitation with a dependent child under appropriate circumstances. Section 12-15-314(a)(4), Ala.Code 1975, allows a juvenile court, in determining the disposition of a dependent child, to “[mjake any other order as the juvenile court in its discretion shall deem to be for the welfare and best interests of the [dependent] child.” It is well settled that a trier of fact has broad discretion to determine a parent’s right to visitation with a dependent child and that the best interests and welfare of the child is the primary consideration in determining whether to award visitation and, if so, the extent of that visitation. Minchew v. Mobile County Dep’t of Human Res., 504 So.2d 310, 311 (Ala.Civ.App.1987); K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d at 387-88; J.P. v. S.S., 989 So.2d 591, 601-02 (Ala.Civ.App.2008); P.Y. v. State Dep’t of Human Res., 634 So.2d 1021, 1022-23 (Ala.Civ.App.1994); and Heup v. State Dep’t of Human Res., 522 So.2d 295 (Ala.Civ.App.1988).
In Minchew v. Mobile County Department of Human Resources, supra, this court affirmed a dependency judgment that suspended the mother’s visitation rights when the evidence supported the trial court’s conclusion that visitation was not in the child’s best interests. This court explained:
“[A] decision as to the visitation rights of the mother with a child who has been found dependent and brought under the jurisdiction and protection of the court is a matter for the court’s discretion. The supervision and protection of such a child will be retained by the court until the child becomes twenty-one years of age unless terminated prior thereto by the court. [Former] § 12-15-32, Code 1975. [Former §] 12-15-71(a)(5)[, Ala. Code 1975, now repealed and replaced by § 12-15-314(a)(4), Ala.Code 1975,] empowers the court which has found a child to be dependent to make such orders as the court in its discretion shall deem to be for the welfare and best interests of the child. This court has interpreted that power broadly to mean that its only parameter is the best interests and welfare of the child. Sanders v. Guthrie, 437 So.2d 1313 (Ala.Civ.App.1983); Miller v. Alabama Department of Pensions & Security, 374 So.2d 1370 (Ala.Civ.App.1979). Our appellate courts have long and consistently held in child custody cases that denial of visitation of a parent is a matter within the broad discretion of the trial court if such denial is determined after hearing to *83 affect the best interests and welfare of the child. Fricks v. Fricks, 428 So.2d 80 (Ala.Civ.App.1988). The application of such a holding seems particularly appropriate in a case where it has been found necessary to remove the child from the custody of a parent who acknowledged more than three years ago that she could no longer provide proper supervision for the child.”
Minchew v. Mobile County Dep’t of Human Res., 504 So.2d at 311.
Similarly, in the context of custody and visitation disputes between parents, i.e., in nondependency cases, the determination as to visitation is also within the trial court’s discretion. M.R.D. v. T.D., 989 So.2d 1111, 1118 (Ala.Civ.App.2008) (reversing, based on “the unique and specific circumstances” of that case, a judgment that indefinitely terminated a father’s visitation and noting that the discretion afforded trial courts in matters of visitation incident to divorce “should be exercised with a view towards the policy of preserving relationships between parents and children”); see also E.M.C. v. K.C.Y., 735 So.2d 1225, 1230 (Ala.Civ.App.1999) (in a custody-modification dispute between parents, affirming a judgment suspending visitation “until the father obtained professional counseling”); J.T.H. v. W.R.H., 628 So.2d 894 (Ala.Civ.App.1993) (the trial court did not exceed its discretion in denying the noncustodial parent visitation rights with his child); Baugh v. Baugh, 567 So.2d 1358, 1358 (Ala.Civ.App.1990) (“Clearly, there is evidence to support the trial court’s determination that it is not in the child’s best interest to visit the father while he is in prison.”).
Thus, the guiding principle in determining visitation with a dependent child, or with a child who is the subject of a visitation dispute between parents, is the child’s best interests. Alabama statutory law and caselaw precedent establish that a juvenile court may suspend a parent’s rights of visitation with his or her dependent child if visitation with the parent is demonstrated to be not in the child’s best interests. Accordingly, we must reject the mother’s argument that the juvenile court was not authorized, as a matter of law, to suspend her visitation with the children. As indicated earlier in this opinion, the mother has not argued on appeal that the juvenile court erred in reaching its factual finding that visitation would not be in the children’s best interests.
The mother also argues that the suspension of her visitation rights is a de facto termination of her parental rights and that her due-process rights were violated because she received no notice of a claim seeking to terminate her parental rights. The mother is incorrect that the suspension of her visitation rights constituted a termination of her parental rights. In K.C. v. Jefferson County Department of Human Resources, 54 So.3d 407 (Ala.Civ.App.2010), this court considered and rejected a similar argument that placing four dependent children with relatives was equivalent to a termination of the mother’s parental rights. We recognize that in K.C. v. Jefferson County Department of Human Resources, supra, the mother was awarded visitation with her children. In that case, however, there was no argument that such an award of visitation with the mother would not be in the children’s best interests. In rejecting the mother’s arguments that a permanent placement of the children with relatives was equivalent to a termination of her parental rights, this court explained:
“We cannot agree that a judgment placing a child with a relative custodian and providing for visitation with a natural parent is equivalent to a judgment terminating that parent’s parental rights. *84 The parent whose child has been placed in the permanent care of another has residual rights and, responsibilities in and to the child, including the right to continued visitation and the responsibility of support, see Ala.Code 1975, § 12-15-102(23), and may later petition the court for a modification of the custody award. None of those rights inure to a parent whose rights have been terminated; a ‘termination of parental rights’ is defined as ‘[a] severance of all rights of a parent to a child.’ Ala.Code 1975, § 12-15-801(10). Therefore, we will not accept the mother’s invitation to evaluate the juvenile court’s judgment in the present case under the standard set out in Ex parte Beasley [, 564 So.2d 950 (Ala.1990)
K.C. v. Jefferson County Dep’t of Human Res., 54 So.3d at 413 (emphasis added).
In this case, the juvenile court’s April 29, 2010, judgment does not amount to “ ‘severance of all rights’ ” of the mother to the children. K.C. v. Jefferson County Dep’t of Human Res., 54 So.3d at 413. Rather, the mother has retained her “residual rights and responsibilities,” such as the right of visitation and the duty of support. Id. In fact, with regard to the duty to support the children, the juvenile court’s April 29, 2010, judgment requires the mother to pay child support for the benefit of the children. The mother retains the right to visitation with the children. However, under the terms of the April 29, 2010, judgment, that right has been suspended because of the juvenile court’s determination that visitation would not be in the children’s best interests. The mother may seek to modify the custody and visitation provisions of the April 29, 2010, judgment, which is a right not afforded a parent whose parental rights have been terminated. Accordingly, as this court did in K.C. v. Jefferson County Department of Human Resources, supra, we reject the mother’s argument that the placement of the children with relatives subject to the right of visitation, albeit suspended at this time, is equivalent to the termination of the mother’s parental rights. Accordingly, we conclude that the mother has failed to demonstrate a violation of her due-process rights.
AFFIRMED.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, with writing.