PER CURIAM.
E.W. (“the father”) appeals from a judgment of the Jefferson Juvenile Court (“the juvenile court”) determining that a previous dispositional order should be made permanent and closing the dependency case regarding the father’s son, J.W. (“the child”).
On appeal, the father’s sole argument is that the juvenile court erred in closing the case without conducting an evidentiary hearing, in violation of Ala.Code 1975, § 12-15-311. The appellee, the Jefferson County Department of Human Resources (“DHR”), points out in its brief to this court, however, that the father failed to raise this argument to the juvenile court. We agree. At the hearing, the father neither objected to not presenting evidence nor requested to present evidence. The father filed a postjudgment motion and requested a hearing, see Rule 59(g), Ala. R. Civ. P.; however, the father argued *967 only that the juvenile court had erred in closing the case. The father failed to apprise the juvenile court that it had erred by not holding an evidentiary hearing.[1] The only issue the father has raised on appeal is whether the juvenile court erred in not conducting an evidentiary hearing. He does not, as the dissent states, argue generally that the juvenile court “prematurely closed the case.” 84 So.3d at 968 (Thompson, P.J., dissenting). This court has repeatedly held that arguments that are not first presented to the juvenile court are not preserved for review by this court. See, e.g., M.H. v. B.F., 78 So.3d 411, 418 (Ala.Civ.App.2011); and S.K. v. Madison Cnty. Dep’t of Human Res., 990 So.2d 887, 895 (Ala.Civ.App.2008). Accordingly, we do not address the father’s argument.
In his reply brief, the father points out that, in Y.N. v. Jefferson County Department of Human Resources, 37 So.3d 836 (Ala.Civ.App.2009), this court reversed a judgment entered by the juvenile court in that case because the juvenile court had failed to hold an evidentiary dispositional hearing. The attorney for the father notes that he was an attorney of record in Y.N. and that, just as in the present case, the failure to hold an evidentiary hearing was not raised at the juvenile-court level in Y.N.. We have examined the record and the briefs submitted by the parties in Y.N. and have determined that, in that case, the appellee did not argue to this court that the issue whether the juvenile court had failed to hold an evidentiary hearing was not preserved for our review. Further, the appellee in Y.N. did not file an application for rehearing on that basis. In the present case, however, DHR argues in its brief to this court that the issue raised by the father was not preserved. Having determined that DHR is correct, we conclude that, because the only argument that the father asserts on appeal was not preserved for our review, we must affirm the judgment of the juvenile court.
AFFIRMED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.
THOMPSON, P.J., dissents, with writing.

. The father’s "Motion to Alter, Amend, or Vacate and Request for Immediate Hearing” stated, in its entirety:
"COMES NOW, the Father of the above-referenced child, ... by and through his attorney of record, ... and requests that this Honorable Court Alter, Amend, or Vacate the Court’s Order of April 4, 2011, in the above-referenced matter, and Request for Immediate Hearing. As grounds thereof, [the father] states as follows:
"1. That the closing of this matter is premature.
“2. That the above-referenced child has not been reunified with his parents.
"3. That the Father has been present at all but one court hearing.
"4. That it is not in the best interest of the child to close this matter to the court.
"WHEREFORE, ... the Father of the above-referenced child, prays that this Honorable Court grant his Motion to Alter, Amend, or Vacate that particular order and Request for Immediate Hearing.”