MOORE, Judge,
concurring in the rationale in part and concurring in the result.
Although I agree that the main opinion reaches the correct result, I do not concur entirely with its reasoning. I disagree with the main opinion that Alabama law allows a juvenile court to “ ‘suspend a parent’s rights of visitation with his or her dependent child if visitation with the parent is demonstrated to be not in the child’s best interests.’ ” 85 So.3d at 465 (quoting Y.N. v. Jefferson Cnty. Dep’t of Human Res., 67 So.3d 76, 83 (Ala.Civ.App.2011)). Rather, as I explained thoroughly in my special writing in Y.N., 67 So.3d at 84-88 (Moore, J., concurring in the result), Alabama law allows a juvenile court to suspend a noncustodial parent’s right to visit with his or her child only when it is reasonably certain that no less drastic action will adequately protect the child from parental harm. Obviously, it is in the best interests of a child to suspend his or her noncustodial parent’s visitation rights when the child will be safe from harm only by completely, even if only temporarily, ending his or her contact with that parent; the Y.N. standard, however, erroneously allows juvenile courts to suspend visitation in less compelling situations.
Ultimately, I believe the main opinion correctly limits the Y.N. standard by holding that “ ‘the trial court may not use an overbroad [visitation] restriction that does more than necessary to protect the child.’ ” 85 So.3d at 466 (quoting Pratt v. Pratt, 56 So.3d 638, 641 (Ala.Civ.App.2010)). That language implicitly recognizes that the purpose of any visitation restriction is to protect the child from harm and that a juvenile court exceeds its discretion in suspending visitation when a more narrowly tailored restriction would safeguard the child. Therefore, I concur in the result.