PER CURIAM.
In September 2011, P.A.F. (“the paternal grandmother”) filed petitions seeking to have her two granddaughters (hereinafter “the children”) declared dependent. The record indicates that the children’s father is deceased. In her dependency petitions, the paternal grandmother alleged that A.T. (“the mother”) was abusing illegal substances.
In October 2011, the Jefferson County Department of Human Resources (“DHR”) filed dependency petitions pertaining to the children. Later in October 2011, the Jefferson Juvenile Court (“the juvenile court”) rendered an order awarding custody of the children to the paternal grandmother and her husband, J.F. (hereinafter referred to collectively as “the paternal grandparents”).[1] We note that the juve *702 nile court ruled only in the dependency actions initiated by DHR. The disposition of the paternal grandmother’s dependency petitions is not indicated in the record before this court; however, because the dependency petitions filed by the paternal grandmother sought the same relief as those filed by DHR, we conclude that the final order in the actions initiated by DHR is sufficient to resolve all the pending issues between all the parties and that that order constitutes a judgment sufficiently final to support this appeal.
The children remained in the custody of the paternal grandparents throughout the dependency litigation. The children were determined to be dependent in a September 2012 order.
We note that Rule 58(c), Ala. R. Civ. P., requires that an action of the court be entered in the State Judicial Information System (“SJIS”) in order to be “entered” as an order or judgment. See Rule 58(c) (“Upon rendition of an order or a judgment ..., the clerk shall forthwith enter such order or judgment in the court record. An order or a judgment shall be deeemed ‘entered’ ... as of the actual date of the input of the order or judgment into the State Judicial Information System.”). The juvenile-court clerk failed to enter any of the dependency or review orders rendered by the juvenile court in these matters until June 28, 2013, well after the mother had filed her notice of appeal to this court. Accordingly, in this opinion, we refer to the orders of the juvenile court as having been “rendered” on a certain date, typically the date on which they were date-stamped in the juvenile-court clerk’s office. The juvenile-court clerk’s failure to enter the orders rendered by the juvenile court, in addition to failing to afford the parties the notice of the entry of such orders as contemplated by the Rules of Civil Procedure, also impacts the determination of the timeliness of the mother’s appeal.
The juvenile court rendered an order, date stamped April 23, 2013, in which it continued the award of custody with the paternal grandparents, awarded the mother supervised visitation, relieved DHR of its obligation to provide services in this action, and ordered that the matters be closed. The mother filed a purported postjudgment motion in which she argued that evidence presented at an April 18, 2013, dispositional hearing did not support the order issued on April 23, 2013. The parties contend that the mother’s “post-judgment motion” was denied by operation of law. The order rendered on April 23, 2013, having not been entered in the SJIS, could not support the postjudgment motion. See J.K. v. State Dep’t of Human Res., 103 So.3d 807, 810 (Ala.Civ.App.2012) (An order not entered in the SJIS was not a valid order or judgment.); and SCI Alabama Funeral Servs., Inc. v. Hester, 984 So.2d 1207, 1208 n. 1 (Ala.Civ.App.2007) (“A valid postjudgment motion may only be taken in reference to a final [and valid] judgment.”).
However, the mother’s notice of appeal was timely filed on May 21, 2013. A notice of appeal filed after the announcement of a ruling but before its entry is treated as having been filed on the day of, but immediately following, the entry of the order or judgment from which the appeal is taken. Rule 4(a)(4), Ala. R.App. P. The order rendered on April 23, 2013, was entered in the SJIS on June 28, 2013, and, therefore, this court refers to that order as the “June 28, 2013, judgment.” The mother’s notice of appeal is timely, as it is deemed to have been filed on June 28, 2013, immediately following the juvenile- *703 court clerk’s entry of the June 28, 2013, judgment in the SJIS.
On appeal, the mother argues that the evidence in the record on appeal does not support the juvenile court’s June 28, 2013, judgment closing the cases to further review. The mother contends that the evidence in the record on appeal demonstrates that she was making progress toward reunification and that she should have been afforded additional time to regain custody of her children. In their briefs submitted to this court, both the paternal grandmother and DHR argue that the evidence in the record supports the juvenile court’s June 28, 2013, judgment.
However, the record on appeal contains no evidence. In support of various motions, the parties filed documents such as court reports and drug-screen results. However, none of those documents was admitted into evidence. At the April 18, 2013, dispositional hearing on which the June 28, 2013, judgment is based, the juvenile court stated: “We’re set today for an evidentiary hearing, I guess, final disposition. Do we wish to proceed by argument or by testimony?” The paternal grandparents’ attorney stated that it was his understanding that the parties had agreed to submit the matters by presenting arguments to the juvenile court. Neither DHR nor the mother objected. The parties’ attorneys then proceeded to make certain factual representations to the juvenile court and to make arguments and inferences based on those factual representations. However, none of the parties presented, or offered to present, any evidence to the juvenile court during the April 18, 2013, dispositional hearing.
In Y.N. v. Jefferson County Department of Human Resources, 37 So.3d 836 (Ala.Civ.App.2009), the juvenile court entered orders pertaining to dependent children in which it awarded custody of the children to a cousin and his mother, denied the children’s mother a right to visit the children, and ordered the dependency cases closed. At the hearing on which those orders were based, the parties had made legal arguments to the juvenile court but had presented no ore tenus evidence. This court reversed the orders and remanded the action for the juvenile court to conduct an evidentiary dispositional hearing. Y.N., 37 So.3d at 838.
In reaching its holding, this court stated:
“Dispositional hearings such as the one conducted by the juvenile court are intended to be based on evidence presented to the juvenile court. See [former] § 12-15-65(d), (f), (h), Ala.Code 1975 (specifying that a court shall hear evidence and determine whether the evidence demonstrates beyond a reasonable doubt that the child is dependent and that, in dispositional hearings, ‘all relevant and material evidence ... may be received’). Similarly, it is well settled that, with regard to a parent’s right to visitation with a dependent child, the juvenile court must consider whether the requested visitation is in the best interests of the child. [Former] § 12-15-71(a)(4), Ala.Code 1975; K.B. v. Cleburne County Dep’t of Human Res., 897 So.2d 379, 387-88 (Ala.Civ.App.2004); Floyd v. Alabama Dep’t of Human Res., 550 So.2d 980, 981 (Ala.Civ.App.1988); and Heup v. State Dep’t of Human Res., 522 So.2d 295, 298-99 (Ala.Civ.App. 1988). The allegations of the attorneys in this case, if supported by evidence, might be sufficient to warrant a suspension of the mother’s visitation rights. However, the record on appeal contains no evidence. ‘The unsworn statements, factual assertions, and arguments of counsel are not evidence.’ Ex parte *704 Russell, 911 So.2d 719, 725 (Ala.Civ.App.2005).”
Y.N., 37 So.3d at 838.
In E.W. v. Jefferson County Department of Human Resources, 84 So.3d 966 (Ala.Civ.App.2011), the juvenile court conducted a dispositional hearing at which it received only the arguments of counsel. The juvenile court entered an order closing the case. The child’s father appealed, arguing only that the juvenile court erred in entering its dispositional order without conducting an ore tenus hearing in violation of § 12-15-311, Ala.Code 1975. In that case, DHR argued that the father had not raised the issue before the juvenile court. This court agreed, holding that the father had impermissibly raised the issue for the first time on appeal, and, therefore, this court rejected the father’s argument and affirmed the order. E.W., supra.
In this case, as in Y.N. and E.W., the juvenile court conducted a hearing concerning the disposition of dependent children without receiving any evidence and, instead, based its decision on the arguments of the parties’ counsel. Unlike in Y.N. and E.W., however, in this case the juvenile court stated that the matters were before it for an evidentiary hearing on the issue of the disposition of the children. The parties elected to proceed by presenting only the arguments of counsel to the juvenile court. Unlike the situations in Y.N. and E.W., the mother in this case had the opportunity to present evidence to the juvenile court, but she elected not to do so.
“The law is well settled that a party may not induce an error by the trial court and then attempt to win a reversal based on that error. ‘A party may not predicate an argument for reversal on “invited error,” that is, “error into which he has led or lulled the trial court.’” Atkins v. Lee, 603 So.2d 937, 945 (Ala.1992) (quoting Dixie Highway Express, Inc. v. Southern Ry., 286 Ala. 646, 651, 244 So.2d 591, 595 (1971)). ‘That doctrine [of invited error] provides that a party may not complain of error into which he has led the court.’ Ex parte King, 643 So.2d 1364, 1366 (Ala.1993). ‘A party cannot win a reversal on an error that party has invited the trial court to commit.’ Neal v. Neal, 856 So.2d 766, 784 (Ala.2002).”
Mobile Infirmary Med. Ctr. v. Hodgen, 884 So.2d 801, 808 (Ala.2003); see also A.J.H.T. v. K.O.H., 983 So.2d 394, 396 (Ala.Civ.App.2007) (same).
The mother does not argue on appeal that the juvenile court erred in failing to take ore tenus evidence. Rather, her argument on appeal challenges the sufficiency of the evidence presented to the juvenile court. It is the burden of the mother, as the appellant, to ensure that the record on appeal contains sufficient evidence to warrant a reversal. J.B. v. Cleburne Cnty. Dep’t of Human Res., 992 So.2d 34, 40-41 (Ala.Civ.App.2008); Goree v. Shirley, 765 So.2d 661, 662 (Ala.Civ.App.2000). The record on appeal contains no evidence for this court to review. The arguments and representations of the parties’ attorneys do not constitute evidence. Y.N., 37 So.3d at 838; C.J. v. Marion Cnty. Dep’t of Human Res., 5 So.3d 1259, 1269-70 (Ala.Civ.App.2008). Accordingly, because the mother has failed to demonstrate that the juvenile court erred in reaching its judgment, we affirm.
AFFIRMED.
All the judges concur.

. Throughout these dependency proceedings, J.F. has been treated as a party to the proceedings, and no other party has objected.