PITTMAN, Judge.
This appeal stems from an action commenced in April 2016 in the Jefferson Juvenile Court by the Jefferson County Department of Human Resources ("DHR") in which DHR alleged that a child of J.B. ("the mother"), K.B. ("the child"), was dependent because the mother was residing with a paramour, S.P., who was under a court order to have no contact with the child. The juvenile court issued a pickup order for the child and, after a shelter-care hearing, placed the child with the mother's father, Ji.B. ("the maternal grandfather"), and his wife, D.B., subject to the mother's weekly visitation with the child. In June 2016, the juvenile court held a hearing at which the mother, her attorney, DHR's representative and attorney, and the child's guardian ad litem were present. The juvenile court's order entered after the June 2016 hearing, although entered "over the objection of" counsel for the mother and noting the mother's denial of the allegations of DHR's dependency petition, indicated that the parties had stipulated to the mother's need for DHR's services and that "the child is dependent"; custody of the child was vested in the maternal grandfather and his wife subject to the mother's visitation, and the mother was ordered to undergo drug testing, to *675 attend parenting-skills and domestic-violence classes, and to participate in mental-health treatment. No transcript of the hearing leading to the entry of that order appears in the record in this appeal, nor was any appeal taken from that order.
The juvenile court held two "compliance/dispositional" hearings in September 2016 and December 2016 as to the child, noting in each instance that the mother was being given a "last chance" to come into full compliance with the provisions of the June 2016 order. Based upon its underscoring provisions in a form order and its specifying DHR's duty to provide "individual cognitive therapy" for the mother and the mother's duty to participate in that therapy, the juvenile court's particular concern appears to have been with the mother's progress in undergoing mental-health treatment. However, there is no transcript of either hearing in the record in this appeal.
In March 2017, the juvenile court again held a "compliance/dispositional" hearing as to the child; a licensed court reporter's transcript of that hearing appears in the record. Counsel for DHR stated on the record at that hearing that the mother had been diagnosed as having a depressive disorder, had been in a number of relationships in which she had been subjected to domestic violence, but had failed to attend counseling sessions as required; the guardian ad litem for the child also noted the mother's noncompliance. However, no evidence was adduced at that hearing regarding whether the child remained dependent. Nonetheless, the juvenile court entered an order closing the case to further review and vesting the child's custody in the maternal grandfather and his wife. Following the denial of her postjudgment motion, and her retention of new counsel, the mother appealed to this court. We have jurisdiction pursuant to Rule 28(A)(1)(c)(ii), Ala. R. Juv. P.
On appeal, the mother contends that the June 2016 order in which the child's dependency was first adjudicated was improper because, she says, the juvenile court could not find the child dependent without clear and convincing evidence. However, the child's guardian ad litem, who filed a letter brief in response to the mother's brief, asserts that (1) the June 2016 order was expressly based upon the parties' stipulations that the mother needed DHR's services and that the child was dependent and (2) that the mother is barred, under the law-of-the-case doctrine, from attacking the correctness of that order because she failed to appeal from that order in a timely manner, citing M.H. v. Jefferson County Department of Human Resources, 42 So.3d 1291 (Ala. Civ. App. 2010). We agree with the guardian ad litem that "any error the juvenile court may have committed in this case by [concluding that the child was dependent as of June 2016] should have been appealed at that point and cannot now be raised following" the entry of a subsequent judgment closing the case to further review, 42 So.3d at 1293, and that the June 2016 order is beyond our scope of review.
However, the mother also insists that the March 2017 order-which order, the record reveals, was entered based upon the arguments of counsel rather than ore tenus evidence-was erroneous because it amounted to a final dispositional judgment as to the child without the presence of evidence indicating that the child remained dependent. Both DHR and the guardian ad litem, in their letter briefs, have confessed the existence of error as to that order because, they say, the mother was entitled to be heard as to the issue of the child's continued dependency, yet the juvenile court did not conduct a full evidentiary *676 hearing when the child's custody was finally disposed and the case was closed. As to the March 2017 order, therefore, "[t]he posture of the case is in effect a confession of error on the part of the appellee[s] and a joinder therein by the appellant," Payton v. Sexton, 273 Ala. 224, 225, 137 So.2d 747, 748 (1962) ; we therefore reverse that order and remand the cause for an evidentiary hearing regarding the issue whether the child remains dependent under Alabama law and, if so, for an appropriate custodial disposition.[1]
REVERSED AND REMANDED.
Thompson, P.J., and Thomas, Moore, and Donaldson, JJ., concur.

Our decision today should not be interpreted as receding from our holding in E.W. v. Jefferson County Department of Human Resources, 84 So.3d 966, 967 (Ala. Civ. App. 2011), to the effect that a party defending a juvenile-court custody disposition incident to a prior determination of dependency may properly rely upon an appellant's failure to preserve in the trial court a claim of entitlement to an evidentiary hearing.