MOORE, Judge.
W.R. (“the father”) appeals from separate judgments of the Houston Juvenile Court (“the juvenile court”) terminating his parental rights to his children, N.G., D.G., K.G., and K.R. (“the children”). We affirm.

Procedural History

On January 22, 2015, the Houston County Department of Human Resources (“DHR”) filed separate petitions to terminate the parental rights of the father and P.G., the mother, to each of the children. After a trial, the juvenile' court entered separate judgments on July 24, 2015, terminating the parental rights of the father and the mother to the children. The father filed his notice of appeal to this court on August 7, 2015; the mother has not appealed.

Standard of Review

“In reviewing factual findings in termination-of-parental-rights judgments, this court has a narrow standard of review that allows us to disturb those findings only when they are so unsupported by the evidence as to be plainly and palpably wrong. See J.C. v. State Dep’t of Human Res., 986 So.2d 1172, 1183 (Ala.Civ.App.2007), If a fact-finder reasonably could have been clearly .convinced from the evidence-in the record that a parent is unwilling or unable, to discharge his or her parental responsibilities to and for the child, this court may not reverse a judgment terminating parental rights arising from ore tenus proceedings in a termination-of-parental-rights case. See J.B. v. DeKalb County Dep’t of Human Res., 12 So.3d [100] at 111 [ (Ala.Civ.App.2008) ].”
M.H. v. Jefferson Cnty. Dep’t of Human Res., 42 So.3d 1291, 1294 (Ala.Civ.App.2010).

Discussion

On appeal, the father argues that the juvenile court erred in finding that the children were dependent.
“[U]nless the petitioner is a parent of the child, the court must make a ‘finding of dependency.’ [Ex parte Beasley,] 564 So.2d [950] at 954 [ (Ala.1990) ]. For a finding of dependency, the court must consider whether there are grounds for terminating the parental rights, including but not limited to the grounds specified in [former] § 26-18-7[, Ala.Code 1975,] [repealéd and replaced by § 12-15-319, Ala.Code 1975]. 564 So.2d at 954.”
Ex parte T.V., 971 So.2d 1, 4-5 (Ala.2007) (footnote omitted).
Section 12-15-319(a), Ala.Code 1975, provides, in pertinent part:
“If the juvenile court finds from clear and convincing evidence, competent, material, and relevant in nature, that the parent[ ] of a child [is] unable or unwilling to discharge [his or her] responsibilities to and for the child, or that the conduct or condition of the parent[ ] renders [him or her] unable to properly care for "the child and that the conduct or condition is unlikely to change in the foreseeable future, it may terminate the parental rights of the parent[ ]. In determining whether or not the parent[ ] [is] unable or unwilling to discharge [his or her] responsibilities to and for the child and to terminate the parental rights, the juvenile court shall consider the following factors including, but not limited to, the following:
“(1) That the parent[] ha[s] abandoned the child, provided that in these *558 cases, proof shall not be required of reasonable efforts to prevent removal or reunite the child with the parent! ].”
Section 12-16-301(1), Ala.Code 1975, defines “abandonment” as:
“A voluntary and intentional relinquishment of the custody of a child by. a parent, or a withholding from the child, without good cause or excuse, by the parent, of his or her presence, care, love, protection, maintenance, or the opportunity for the display of filial affection, or the failure to claim the rights of a parent, or failure to perform the duties of a parent.”
In the present case, the father’s own testimony established that he had abandoned the children. At the July 23, 2015, hearing on the petitions to terminate the father’s parental rights, the father testified that he had not seen the children since 2013 and that the children had never lived with him. He testified that, even before he stopped visiting the children in 2013, he had not been consistent with his visitations. According to the father, he had not visited with the children because he had been in a “bad place.” He admitted that he had had time to visit the children, because he had worked only 20 to 25 hours a week for the 10 months preceding the trial. The father testified that he had not been able to visit the children because he did not have transportation. He admitted, however, that his aunt had provided him with transportation to work, free of charge, and that he had not asked DHR to assist him with transportation for visitations. He also admitted that he had not sent any cards or letters to the children. Finally, he admitted that he had not cared for the children in the past because he had been ignorant and selfish.
Rae Bryan, a DHR caseworker, testified that DHR had been involved with the children since 2008. She testified that the children had initially been in the custody of their maternal grandmother but that they had subsequently been removed from her custody and placed in DHR’s custody because of inadequate living conditions and inadequate supervision in the maternal grandmother’s home.. Bryan testified that the children do not know the father.
Based on the foregoing evidence, the juvenile court could have reasonably been clearly convinced that the father had abandoned the children. See L.L. v. J.W., 195 So.3d 269, 273 (Ala.Civ.App.2015) (finding abandonment when the mother “had not contacted the child in approximately a year and a half and had never supported the child”).
The father also argues that DHR failed to use reasonable efforts to rehabilitate him. We note, however, that, “in cases of abandonment, a juvenile court can terminate parental rights even in the absence of proof that the state has used reasonable efforts to rehabilitate the parent and reunite the family or that those efforts had failed. See § 12-15-319(a)(l)[, Ala.Code 1975].” L.L., 195 SoM at 273.
Finally, the father states in his brief to this court that DHR failed to prove that all viable alternatives to termination of his parental rights had been exhausted. We note, however, that the father failed to present an argument on’ this point that complies with Rule 28, Ala. R.App. P. Even so, by abandoning the children, the father “lost any due-process rights that would have required the juvenile court to explore other alternatives before terminating [his] parental rights.” C.C. v. L.J., 176 So.3d 208, 216 (Ala.Civ.App.2015).

Conclusion

Based on the foregoing, we affirm the juvenile, court’s judgments terminating the father’s parental rights to the children.
*559 2140941—AFFIRMED.
2140942—AFFIRMED.
2140943—AFFIRMED.
2140944—AFFIRMED.
THOMPSON, P.J., and'.PITTMAN, THOMAS, and DONALDSON," JJ., concur.