MOORE, Judge.
, The Randolph County Department of Human Resources (“DHR”) appeals from a judgment of the Randolph Juvenile Court (“the juvenile court”) denying its petition to have Aa,H. (“the child”) adjudi *668 cated dependent and placed in its custody. We affirm the juvenile court’s judgment.
Procedural Background
The child was born in 2000 of the marriage of A.H. (“the father”) and G.H. (“the mother”). The mother and the father separated at some point after the birth of the child, with the father remaining in Alabama and the mother moving to Arizona. Not long thereafter the child’s maternal grandmother, who lived in California, obtained legal and physical custody of the child. In approximately 2012 or 2013, the child moved back to Alabama to reside with the father, who subsequently obtained an ex parte order giving him legal custody of the child.
On April 18, 2016, DHR filed a dependency petition, alleging, among other things, that the child had engaged in a physical altercation with. the father and that the child was currently receiving treatment in a mental-health facility because he was experiencing suicidal ideation. The juvenile court conducted a trial on the petition on May 24, 2016, at which the mother, the father, and a DHR social worker testified. On that same date, the juvenile court entered a judgment denying the petition. In that judgment, the juvenile court determined that the child “is not dependent as defined in Alabama Code [1975,] § 12-15-102(8),” and ordered that the child be returned to the custody of his parents. On May 25, 2016, DHR filed a notice of appeal, and the juvenile court entered an order staying enforcement of its judgment.
Analysis
In Ex parte L.E.O., 61 So.3d 1042 (Ala. 2010), the Madison Juvenile Court entered a judgment dismissing a dependency petition based on its determination that the child at issue in that case was not dependent. In reversing this court’s no-opinion affirmance of the Madison Juvenile Court’s judgment, our supreme court stated that “no credible evidence supported] the juvenile court’s conclusion.” 61 So.3d at 1048. In particular, the supreme court noted that the undisputed evidence in the record proved that the child had been abandoned by both parents to the care of nonrelatives who did not have legal custody of the child so that the child was, as a matter of law, a dependent child in need of care or supervision. This court has since relied on Ex parte L.E.O. to reverse a judgment declining to find a child dependent on the ground that it was not supported by “credible evidence.” See A.E. v. M.C., 100 So.3d 587, 599 (Ala. Civ. App. 2012). In the present appeal, DHR argues that, like in the foregoing cases, the judgment of the juvenile court denying its dependency petition is not supported by sufficient evidence.
The judgment of the juvenile court does not contain any specific findings of fact. In New Properties, L.L.C. v. Stewart, 905 So.2d 797, 801-02 (Ala. 2004), our supreme court held: “[I]n a nonjury case in which the trial court makes no specific findings of fact, a party must move for a new trial or otherwise properly raise before the trial court the question relating to the sufficiency or weight of the evidence in order to preserve that question for appellate review.” That rule applies equally to juvenile-court cases. See L.M. v. Jefferson Cty. Dep’t of Human Res., 68 So.3d 859, 861 n.2 (Ala. Civ. App. 2011) (“We note that New Properties, supra, relies on Rule 52(b), Ala. R. Civ. P. Although this case is a juvenile-court case, pursuant to Rule 1, Ala. R. Juv. P., Rule 52(b) is applicable.”). DHR did not move for a new trial in this case or otherwise argue that the judgment was not supported by sufficient evidence.
The juvenile court did explain its reasoning for its judgment in a colloquy at the end of the trial. In summary, the juvenile court explained that it was denying DHR’S dependency petition on the ground *669 that the mother was “ready, willing, and able to take care of [the child]” so that the child was not without a capable parent to provide the child a suitable home and the mental-health care he required. That colloquy can be considered as a substitute for written findings of fact because “[t]he purpose of findings of fact is to allow the parties and the appellate court to understand the basis of the trial court’s order.” Weeks v. Herlong, 951 So.2d 670, 678 (Ala. 2006). Accordingly, DHR did not have to file a postjudgment motion in order to preserve for appeal any challenge to the sufficiency of the evidence to support the oral factual findings of the juvenile court. See Marshall Cty. Dep’t of Human Res. v. J.V., 203 So. 3d 1243, 1248 n.5 (Ala. Civ. App. 2016).
On appeal, however, DHR does not argue that the factual determination that the mother is able to suitably care for the child is unsupported by the evidence. Instead, DHR argues that the juvenile court should have made a finding that the mother had abandoned the child. DHR did not complain in its petition that the mother had abandoned the child. At trial, the mother, who resides in Arizona, testified that she had actively participated in raising the child although the child’s maternal grandmother had obtained legal and physical custody of the child when the child was young and had raised the child in California. The mother testified that, in approximately 2012, she and the maternal grandmother had agreed to allow the child to move back to Alabama to live with the father. According to the mother, after the child began living with the father, she had monitored the progress of the child, but, she admitted, she did not know the school the child attended or the sports he played. The mother also testified that she had had little communication with the child during the three years the child had resided with the father until 2016 when the child contacted her to inform her that he had been admitted to a mental-health facility following an altercation with the father. The mother has since consistently communicated with the child and DHR, mainly in an effort to obtain custody of the child. DHR did not move the juvenile court to amend the pleadings to include an abandonment claim, see Rule 15(b), Ala. R. Civ. P., or otherwise notify the mother that it was using her testimony for the purpose of proving her abandonment of the child. See CVS/Caremark Corp. v. Washington, 121 So.3d 391, 398 (Ala. Civ. App. 2013) (party does not consent to amendment of pleadings by failing to object to evidence that relates to pleaded claim unless opponent has made it clear that a new issue is being injected).
At the end of the trial,, the juvenile court expressed concern about the mother’s lack of involvement with the child in the preceding three years, but it noted that her recent effort “goes a long way with [the court].” DHR did not argue at that point, or at any other point in the record, that the mother had abandoned the child; instead, it asserted at the outset of the trial only that it might take a prolonged period to obtain a placement report from Arizona’s DHR counterpart in order for DHR to approve the mother’s having custody of the child.
Based on the record, we conclude that DHR did not preserve for appeal its argument that the mother had abandoned the child. That claim was not properly pleaded, and the juvenile court did not adjudicate the issue. DHR also did not file a postjudgment motion raising the issue in order to obtain a ruling from the juvenile court. This court cannot consider an issue raised for the first time on appeal; “rather, appellate review is restricted to the evidence and arguments considered by the trial court.” Smith v. Smith, 196 So.3d 1191, 1198 (Ala. Civ. App. 2015).
*670 DHR also argues that the juvenile court should have found that the father was not capable of providing care for the child. Assuming the undisputed evidence shows that the father was not able to properly care for the child, .as DHR argues, it remains that the juvenile court determined that the child was not dependent because the mother could proyide the necessary care. Notably, DHR does not argue that the juvenile court erred as a matter of law in determining that a child is not dependent if the noncustodial parent can properly care for .the child. Cf. G.H. v. Cleburne Cty. Dep’t of Human Res., 62 So.3d 540, 544 (Ala. Civ. App. 2010) (holding that “a child with a fit noncustodial parent .willing to assume custody can properly be declared dependent”). Accordingly, we do not address that issue.
For the foregoing reasons, the judgment of the juvenile court is affirmed.
AFFIRMED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.